## OTTO BAUER V. STATE.

No. A-59.  Opinion Filed February 28, 1910.

(107 Pac. 525.)

1. **EVIDENCE—Acts of Conspirators.** The existence of a conspiracy being proved, the act of any one engaged in such conspiracy is competent evidence against those with whom he co-operated; but the declarations of a person unconnected with the defendant on trial, and not part of the **res gestae,** cannot be admitted.

2. **INSTRUCTIONS—Intimating Guilt of Accused.** An instruction couched in language which implies the expectation of the court that a verdict of guilty will be returned, or an intimation that it is the duty of the jury to convict, or which tends to shift the burden of proof, is improper.

(Syllabus by the Court.)

*Error from District Court, Washita County; James R. Tolbert, Judge.*

The plaintiff in error, Otto Bauer, was tried at the June term, 1908, in the district court of Washita county, on a charge of asault with intent to kill. He was convicted of assault to do bodily harm. The case is before us on appeal. Reversed and remanded.

*Massingale & Duff,* for plaintiff in error.—Citing: 21 A. & E. Enc. L. 224; *State v. Hawley* (Conn.) 37 Atl. 420; *Keith v. State* (Ind.) 61 N. E. 719; *State v. Laque* (La.) 6 South. 787; *Woolfolk v. State* (Ga.) 8 South. 724; *State v. May* (Mo.) 43 S. W. 637.

*Charles West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

OWEN, JUDGE. The assignments of error urged are directed to the actions of the trial court in admitting, over the objection of the defendant, proof of threats made by Lee Southworth, and a portion of the intructions given by the court.

The facts disclosed by the record are, briefly: The person

3 Cr.—34

on whom the assault was made was the marshal of the town of Cordell. He had had trouble, at various times, with the defendant, and also with Lee Southworth, who was a brother-in-law of the defendant. Several months prior to the assault in this case, Southworth had made threats against the marshal. On the night of the assault the defendant went to a pool hall, where he had previously understood the marshal was, and invited him to go to a restaurant. On arriving at the restaurant the defendant opened the door, and said to the marshal, "Here sits a man who will call you a horse thief, and not take it back." This brought on a controversy between the marshal and Southworth, during which Southworth was killed. The marshal started to leave the place of the difficulty, and the defendant's brother, who was unarmed, followed him a few yards, and caught him and began to hollow for help. The defendant, with an open knife in his hand, ran to his brother and the marshal; the three grappling in a struggle in which the defendant cut the marshal a number of times.

It is unnecessary to set out the various threats made by Southworth, and proven over the objection of the defendant. They were all made several months previous to the time of the assault, and none of them in the presence of the defendant. The only theory upon which such threats could possibly have been admissible was that a conspiracy existed between the defendant and Southworth to assault the marshal. The existence of a conspiracy being proven, the action of any one engaging in such conspiracy, though not on his trial, would be competent evidence to criminate those with whom he co-operated. But in this case the proof was not sufficient to establish a conspiracy. The mere fact that both Southworth and the defendant entertained ill feeling against the marshal is not sufficient proof of a conspiracy, and the additional fact that the defendant, without the knowledge of Southworth, brought about a meeting between the marshal and Southworth, for the purpose of bringing on a difficulty between them, is not sufficient to establish a conspiracy. A "conspiracy" is a combination of two or more persons by concerted action to accomplish some criminal or unlawful purpose. There is no proof here that there

was any combination, agreement, or understanding between South-worth and the defendant. The defendant in all probability knew that Southworth and the marshal were enemies, and that upon their meeting a difficulty was probable, yet this would not con-stitute such proof of a conspiracy as would render the threats of Southworth, made many months previous to the difficulty, com-petent evidence against the defendant. It is easy to conceive that such testimony must have had a prejudicial effect against the de-fendant in creating the impression that bad blood existed between Southworth, the defendant, and the marshal. The issue in this case is the motive, intent, and purpose of the defendant in making the assault, and any difficulty, ill feeling, or controversy between Southworth and the marshal is not material in this case, unless it was part of the *res gestae,* or the defendant was in some way con-nected with it. The threats made by Southworth are no proof of a conspiracy between Southworth and the defendant, and until such conspiracy is proven, these threats are not admissible. South-worth was unarmed. The defendant was armed with an ordinary pocketknife. These circumstances, when considered with the evi-dence which discloses that the marshal, at the time of the previous difficulties with the defendant, was armed with a policeman's billy and a six-shooter rebut any presumption of a conspiracy to assault. If a conspiracy had existed between these brothers-in-law to assault the marshal, it is not unreasonable to sup-pose they would have come armed equally as well as they knew the marshal to go. The rule announced here as to threats is so well settled that we deem it unnecessary to quote au-thorities. Among the best considered cases might be mentioned the following: *State v. May,* 142 Mo. 135, 43 S. W. 637; *Wool-folk v. State,* 81 Ga. 151, 8 S. E. 24; *Keith v. State,* 157 Ind. 376, 61 N. E. 719; *State v. Hawley,* 63 Conn. 47, 27 Atl. 420; *State v. Porter,* 32 Or. 135, 49 Pac. 964; 21 Cyc. 923.

That portion of the instructions excepted to are as follows:

"If in your deliberations you are unable to find the defendant guilty of the crime of attempt to kill, as charged in the indict-ment, you should then consider the evidence as applied to the next

lower degree of said crime, to wit, assault with a dangerous weapon. * * * You are further instructed that, if in consideration of the evidence in this case, under the instructions of the court, you are unable to find the defendant guilty of an attempt to kill, and are also unable to find him guilty of an assault to do bodily harm, you should then consider the evidence, under the instructions of the court, to determine whether or not the defendant is guilty of assault and battery upon the said complaining witness; and, if in the consideration of the evidence you find that the defendant, at the time and place stated in the indictment, did assault the said complaining witness by cutting him as charged in the indictment, without intent to kill or commit great bodily harm upon him, and that such assault and battery was of a character not likely to produce great bodily harm, and was done without intent to kill or do great bodily harm, you should in such case find the defendant guilty of assault and battery, unless you find that such assault and battery committed was justifiable, in which case you should find the defendant 'Not guilty.' "

It will be noticed that the language of the court is, "If in your deliberations *you are unable to find the defendant guilty.*" This might have been understood by the jury that the court expected a verdict of guilty, or construed as an intimation that it was the duty of the jury under the evidence to find the defendant guilty. The jury should have been told if, after a fair and impartial consideration of all of the evidence in the case, they were not convinced beyond a reasonable doubt of the defendant's guilt, as charged in the indictment, then it would be their duty to consider as to whether he was guilty of the next lower offense embraced in the charge. It is never the duty of the jury to convict the defendant until, after a fair and impartial consideration of all the evidence and circumstances, they are convinced beyond a reasonable doubt of his guilt. The instructions complained of are objectionable for the further reason that the language "Unless you find that such assault and battery committed was justifiable, in which case you should find the defendant 'Not guilty,' " tends to shift the burden of proof. If the jury had any reasonable doubt as to whether the assault and battery was justifiable, it was their duty to acquit. It was not incumbent upon the jury to find af-

firmatively that such assault and battery was justifiable, before they would acquit the defendant.

For the reasons pointed out, the case is reversed and remanded, with directions to grant the defendant a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.