## O. M. NICHOLS v. STATE.

No. A-1639.   Opinion Filed November 6, 1913.

(135 Pac. 1071.)

1.  **HOMICIDE—Assault with Intent to Kill—Information.** An information charging that defendant, at a time and place named therein, "did willfully and feloniously, with a certain dangerous weapon, to wit, a pistol, called a revolver, loaded with powder and ball, feloniously make an assault with the felonious intent to then and there kill" is insufficient to charge the crime of attempt to kill as defined by section 2336, Rev. Laws 1910, but is sufficient to charge an assault with a dangerous weapon as defined by section 2344, Rev. Laws 1910.

2.  **TRIAL—Instructions—Burden of Proof.** Instructions couched in language which implies the expectation of the court that a verdict of guilty will be returned, or an intimation that it is the duty of the jury to convict, or which tend to shift the burden of proof, are improper.

'.  **HOMICIDE—Sufficiency of Evidence.** Evidence examined, and held insufficient to support the verdict and judgment.

*Appeal from District Court, Stephens County;*
*J. T. Johnson, Judge.*

O. M. Nichols was convicted of assault with intent to do bodily harm, and brings error. Reversed.

*Wilkinson & Morris,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, J.—This appeal is prosecuted from a conviction had upon an information which charged that O. M. Nichols did commit the crime of assault with the intent to kill in the manner and form as follows, to wit: "That said O. M. Nichols, late of Stephens county, and within the jurisdiction of this court, did willfully, unlawfully, and feloniously, with a certain dangerous weapon, to wit, a pistol, called a revolver, loaded with powder and ball, feloniously make an assault on one J. E. Cox, with the willful, unlawful, and felonious intent to then and there kill the said J. E. Cox, contrary to," etc. The verdict, omitting formal parts, was as follows: "Find the defendant guilty of assault with intent to do bodily harm, and leave his punishment to be assessed by the court." Motions for new trial and in arrest of judgment were duly filed and overruled, and on November 26, 1911, judgment was rendered, and the court sentenced the defendant to imprisonment for a term of two years in the penitentiary.

The evidence on the part of the state is substantially as follows:

The complaining witness, J. E. Cox, testified that he had spent the month of August in Colorado; that on his return to Comanche, defendant stopped him on the street, and commenced talking about a business transaction wherein he had bought and sold a piece of land upon which defendant had a contract of sale; that he had tendered the title to defendant before he left, and defendant said he was unable to pay for it, and witness then sold the land to Joe Kinder; that he told defendant that he was in a hurry, and asked him to come another time; that he went to his real estate office with Joe Kinder, and defendant came to the door, and witness and Mr. Kinder invited him in; that Kinder started to leave, and defendant closed the door, and said, "No, you are not going;" that witness got up out of his chair, and asked defendant if he was hunting trouble, and he said, "No, I am not;" after some words witness jerked off his coat, and put it on a chair, and told defendant that he had neither knife nor gun, and started towards defendant, telling him to get out of his office; that he brushed his hand over defendant, and said,

"You have got a gun, right there," and defendant said, "Keep your hands off of me," and pulled the gun from his pocket, and witness grabbed it, and jerked it out of his hand, and hit him over the head two or three licks with it; that in the scuffle defendant fell, and he hit defendant with the gun two or three more licks; that witness weighed about 200 pounds.

Joe Kinder testified that defendant demanded pay for his improvements on the land, and he told him that that was a matter for him and Mr. Cox; that they talked about the matter, and Mr. Cox asked defendant what was the least that would satisfy him, and he said he would not take less than $300, and Mr. Cox said, "You come back tomorrow, and I will talk to you about it;" that he started to leave, and defendant shut the door and said, "No, you won't go now;" that Cox pulled off his coat and walked towards defendant, and said, "Feel of my pockets if you want to; my pants don't fit me with a gun on, you may have a gun on you for all I know"— and put his hands on defendant. Defendant stepped back against the wall, and told Mr. Cox to keep back, and pulled a gun out of his pocket, and Mr. Cox caught the gun, and struck defendant, beating him into insensibility.

Leo Cox testified to substantially the same state of facts.

The assignments of error relied upon for a reversal of the judgment are in effect as follows: Error in overruling defendant's demurrer to the information. That the court erred in the instructions given. That the verdict of the jury is contrary to law and to the evidence, and is not sustained by sufficient evidence.

The information is insufficient to charge the crime of attempt to kill, defined by the Penal Code (section 2336, Rev. Laws 1910) as follows:

"Any person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, air gun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding ten years."

The court in its charge erroneously submitted the issue of attempt to kill under this section. See *Clark v. State,* 6 Okla. Cr. 100, 116 Pac. 200. However, the court also submitted the issue of assault with a dangerous weapon as defined by the Penal Code. Section 2344. We are inclined to think that the information is sufficient to charge an offense under this section.

One of the instructions excepted to is as follows:

"You are further instructed that, for the acts charged in the information to be justifiable, they must have been performed in this case in the lawful defense of the defendant against an unlawful assault upon him by the complaining witness. If the jury believe from the evidence that the defendant and the complaining witness met at the time and place stated in the information, and there held a conversation in a peaceable and lawful manner, and the said complaining witness, without just reason or excuse, became enraged at the defendant, and thereupon assaulted defendant in such manner as to induce in the mind of the defendant a reasonable and well-grounded belief that he, the defendant, was actually in danger of losing his life or of suffering great bodily harm at the hands of the said complaining witness, then he was justified in defending himself, and in so doing might use such force as was reasonably necessary under the circumstances to protect himself against such threatened danger, even to the extent of performing the acts complained of in the information."

We think this instruction tends to shift the burden of proof by requiring defendant to establish his defense by a preponderance of the evidence. All that is necessary in a criminal case is that the evidence, or the want of evidence, as a whole raises a reasonable doubt as to the guilt of the person charged. If the jury had any reasonable doubt as to whether defendant was justified in defending himself against the assault made upon him by the complaining witness, it was their duty to return a verdict of not guilty. It was not incumbent upon the jury to find affirmatively that defendant acted in self-defense before they could acquit him.

The following language of the court is also complained of:

"Instruction No. 9: If in your deliberation you are unable to find the defendant guilty of the crime of attempt to kill, as charged in the information, you should then consider the evi-

dence as applied to the next lower degree of said crime, to wit, assault with a dangerous weapon."

"Instruction No. 11: You are further instructed that, if in consideration of the evidence in this case under the instructions of the court you are unable to find the defendant guilty of an attempt to kill, and you are also unable to find him guilty of an assault with intent to do bodily harm, you should then consider the evidence under the instructions of the court to determine whether or not the defendant is guilty of assault and battery upon the said complaining witness."

It will be observed that the language of the court is, "if you are unable to find the defendant guilty of the crime of attempt to kill, as charged in the information, and you are also unable to find him guilty of an assault with intent to do bodily harm." In the case of *Bauer v. State,* 3 Okla. Cr. 529, 107 Pac. 525, similar language is condemned. The court said:

"This might have been understood by the jury that the court expected a verdict of guilty, or construed as an intimation that it was the duty of the jury under the evidence to find the defendant guilty. The jury should have been told if, after a fair and impartial consideration of all of the evidence in the case, they were not convinced beyond a reasonable doubt of the defendant's guilt, as charged in the indictment, then it would be their duty to consider as to whether he was guilty of the next lower offense embraced in the charge. It is never the duty of the jury to convict the defendant until, after a fair and impartial consideration of all the evidence and circumstances, they are convinced beyond a reasonable doubt of his guilt."

As to the sufficiency of the evidence, we do not believe we would be warranted in sanctioning the verdict and judgment.

For the reasons stated, the judgment is reversed.

ARMSTRONG, P. J., and FURMAN, J., concur.