FRANK COWLEY v. STATE.

No. A-2342. Opinion Filed·June 19, 1915.

APPEAL—Parole—Dismissal. When an appeal from a judgment of conviction is pending in this court, and the plaintiff in error is granted a parole and accepts the same, and the fact that a parole has been granted and accepted is brought to the attention of this court, the appeal will be dismissed as having been abandoned.

(Syllabus by the Court.)

*Appeal from District Court, Greer County;*
*G. A. Brown, Judge.*

Frank Cowley, convicted of assault with a dangerous weapon, appeals. Appeal dismissed.

*D. H. Henry,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *John B. Harrison,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Frank Cowley, was jointly charged with one Robert Malone with assault with a deadly weapon with intent to kill one Henry Carver. A severance was granted and the plaintiff in error on his separate trial was found guilty of an assault committed with a dangerous weapon with intent to do bodily harm, and without justifiable or excusable cause. On the 17th day of August, 1914, the court rendered judgment and sentenced the plaintiff in error to be imprisoned at the state reformatory at Granite for a period of two years. To reverse this judgment an appeal was perfected by filing in this court on September 30, 1914, a petition in error with case-made.

Pending the determination of said appeal, on September 30, 1914, the Lieutenant Governor, as acting Governor, in the absence from the state of the Governor, granted the plaintiff in error a parole on the sole condition "that he shall at all times obey the laws of the state of Oklahoma in every respect, and in the event he should violate any law of the state then this parole may be revoked."

The Attorney General concedes that the parole is in all respects valid.

When an appeal from a judgment of conviction is pending in this court, and the plaintiff in error applies for a parole and the same is granted and accepted by the plaintiff in error, and the fact that a parole has been granted and accepted is brought to the attention of this court, the appeal will be dismissed as having been abandoned. The appeal herein is therefore dismissed and the cause remanded to the trial court.

FURMAN and ARMSTRONG, JJ., concur.