## CHARLES CARTER v. STATE.

No. A-2095.   Opinion Filed December 1, 1915.

(152 Pac. 1132.)

1.   **INSTRUCTIONS—Burden of Proof.**   (a.) Instructions which tend to shift the burden of proof by requiring the defendant to establish his defense by a preponderance of the evidence should not be given in any criminal case.

(b.) For an instruction condemned on account of the fact that it tends to place such burden upon the defendant, see opinion.

.2   **INSTRUCTIONS—Intimation of Opinion.**   Instructions submitted by a trial court to the jury should be clear and absolutely free from any suggestion as to the verdict the court expects:   Any instruction which has the effect of intimating to the jury that the court expects a verdict of guilty, or expects the jury to go into the realm of possibilities for the purpose of finding a verdict of guilty is fundamentally wrong.

3.   **FAIR TRIAL—Duty of Court.**   It is the duty of a trial court to see that a fair and impartial trial is accorded to every man that is brought before it on a criminal charge.

*Appeal from District Court, Stephens County;*
*Frank M. Bailey, Judge.*

Charles Carter was convicted of assault with intent to kill, and appeals. Reversed.

*J. B. Wilkinson, Robert Burns* and *Gilbert & Bond,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. Charles Carter was convicted at the January, 1913, term of the District Court of Stephens county, on a charge of assault with intent to kill, and his punishment fixed at imprisonment for the term of one year and one day in the state penitentiary.

Among many assignments of error urged, those based upon the giving of the following instructions by the court are the only features we deem necessary to review:

"Instruction No. 5. You are further instructed that a criminal intent is necessary to constitute the crime charged against the defendant. The statute uses the words 'every person who commits an assault upon another by means of any deadly weapon or by such other means and force as is ligely to produce death with the intent to kill any person.' The acts charged against the defendant, if you find beyond a reasonable doubt that the same were performed, must be found to have been intentionally and wrongfully done, in order to justify a conviction; that is, that they were intentional and unjustifiable and likely to produce death.

"You are further instructed that for the acts charged in the information to be justifiable they must have been performed in this case in the lawful defense of the defendant against an unlawful assault upon him by the complaining witness. If the jury believe from the evidence that the defendant and the complaining witness met at the time and place stated in the information and there held a conversation in a peaceable and lawful manner and the said complaining witness without just reason or excuse became enraged at the defendant and thereupon assaulted the defendant in such a manner as to induce in the mind of the defendant a reasonable and well-grounded belief that he, the defendant, was actually in danger of losing his life, or suffering great bodily harm at the hands of the said complaining witness, then he was justified in defending himself and so doing might use such force as was reasonably necessary under the circum-

stances to protect himself against such threatened danger, even to the extent of performing the act complained of in the information and it would be justifiable."

"Instruction No. 10.  You are further instructed that if in the consideration of the evidence in this case under the instructions of the court, you do not find the defendant guilty of an attempt to kill and are also unable to find him guilty of an assault with intent to do bodily harm, you should then consider the evidence under the instruction of the court to determine whether or not the defendant was guilty of an assault and battery upon the complaining witness, and if in the consideration of the evidence you find beyond a reasonable doubt that the defendant at the time and place stated in the information did assault and beat the said complaining witness in the manner charged in the information without intent to kill or commit any great bodily harm upon him and that such assaulting and beating was of a character not likely to produce great bodily harm and was done without intent to kill or to do great bodily harm, you should in such case find the defendant guilty of an assault and battery unless you find that such assault and battery as performed was justifiable in which case you should find the defendant not guilty."

The first instruction quoted was condemned by this court in *Nichols* v. *The State,* 10 Okla. Cr. 247, 135 Pac. 1071. In the opinion we said:  "We thing this instruction tends to shift the burden of proof by requiring the defendant to establish his defense by a preponderance of the evidence.  All that is necessary in criminal cases is that the evidence, or the want of evidence, as a whole, raises a reasonable doubt as to the guilt of the person charged. If the jury had any reasonable doubt as to whether the defendant was justified in defending himself against the assault made upon him by the complaining witness, it was their duty to return a verdict of not guilty.  It was not incumbent upon the jury to find affirmatively that the defendant acted in self-defense before they could acquit him."

The principal enunciated in instruction No. 10 was also considered in the Nichols case, *supra,* wherein we say:  "It will be observed that the language of the court is, 'if you are unable

to find the defendant guilty of the crime of attempt to kill, as charged in the information, and you are also unable to find him guilty of an assault with intent to do bodily harm.'   In the case of *Bauer* v. *State,* 3 Okla. Cr. 529, 107 Pac. 525, similar language is condemned.   The court said: "This might have been understood by the jury that the court expected a verdict of guilty, or construed as an intimation that it was the duty of the jury under the evidence to find the defendant guilty.   The jury should have been told if, after a fair and impartial consideration of all of the evidence in the case, they were not convinced beyond a reasonable doubt of the defendant's guilt, as charged in the indictment, then it would be their duty to consider as to whether he was guilty of the next lower offense embraced in the charge.   It is never the duty of the jury to convict the defendant until, after a fair and impartial consideration of all the evidence and circumstances, they are convinced beyond a reasonable doubt of his guilt.' "

It is conceded by the assistant attorney general in his brief that these instructions present erroneous propositions of law.   It is suggested, however, that a new trial would probably result in another conviction, although it is further conceded that there is a conflict in the testimony.

From a careful examination of the record, we are of opinion that this judgment should not be permitted to stand, and that the doctrine of harmless error cannot be invoked to uphold the same. The instructions are wholly unfair.   There is no indication in the record that the trial court used any particular effort to see that all the rights of the accused were duly safeguarded.   Instructions identical in principle and language were condemned long before this trial, by well written opinions of this court, and should have been followed by the trial court.   The judgment is reversed and the cause remanded with direction to grant a new trial.

DOYLE, P. J., concurs; FURMAN, J., absent.