## ARNOLD BROWN v. STATE.

No. A-3052. Opinion Filed October 6, 1917.

(167 Pac. 762.)

CRIMINAL LAW—Instructions—Reasonable Doubt—Cure by Other Instruction. A specific instruction, which requires the defendant to prove the material elements of his defense beyond a reasonable doubt, is erroneous and prejudicial, and is not cured by a general instruction that the defendant is presumed to be innocent until his guilt is established beyond a reasonable doubt.

*Appeal from District Court, Payne County;*
*John P. Hickam, Judge.*

Arnold Brown was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded for a new trial.

*J. M. Springer,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the district court of Payne county, wherein the plaintiff in error was convicted of manslaughter in the first degree and sentenced to 12 years' imprisonment in the state penitentiary. The appeal is by transcript of the record, and serious complaint is made of the court's instructions, one of which is especially urged to be prejudicial.

The defense interposed was self-defense, and upon this issue the trial court gave the following instruction:

"The defendant admits striking the body and head of the deceased at the time and in the manner charged in the indictment; but claims that in doing so he was acting in self-defense, which in law means the right to protect one's person against an attack, injury, or danger produced by another. The right to defend one's self against danger or attack, not of his own seeking, is an inherent right, which the law not only concedes, but guarantees to all men; but the law does not permit a man to voluntarily seek or invite a combat. The right of self-defense does not imply the right of attack, and will not avail in any case where the difficulty is sought for or induced by the defendant by any willful acts of his own, and where the accused voluntarily, of his own free will, entered into it, no matter how imminent his peril may become during the progress of the difficulty. Nor is any one justified in using any more force than is necessary, as it appears to him at the time. If you believe from the evidence in this case beyond a reasonable doubt and under these instructions that at the time the killing took place that the deceased was the aggressor, and first made an attack upon the defendant, and that at the time the defendant inflicted the mortal wound upon the deceased he had reasonable cause to apprehend on the part of the deceased a design to kill him or do him some great bodily harm, and there was reasonable cause for the defendant to apprehend immediate danger of such design being accomplished, and that to avert such apprehended danger he committed the act, that at the time he did so

he had reasonable cause to believe and did believe it necessary for him to inflict such wound in the way he did to protect himself from danger, then the killing would be justifiable, and you should acquit the defendant. And in this connection you are further instructed that it was the defendant's right, if threatened with danger, to determine from the appearances and actual state of things surrounding him as to the necessity of resisting force in self-defense, and if he acted from reasonable and honest convictions, measured from defendant's viewpoint, he will not be held responsible for a mistake, as to the extent of the actual danger where other judicious men have been alike mistaken. But if you find the defendant was the aggressor at the time of the inflicting of the mortal wound, then he is not entitled to the plea of self-defense.

"Given. JOHN P. HICKAM, *District Judge.*"

It is contended that this instruction is prejudicial, in that it requires the defendant to prove, beyond a reasonable doubt, that he acted in self-defense. It is clearly evident from the instruction that the court committed prejudicial error. Evidently the court would not have given an instruction on self-defense, had there not been evidence sufficient to authorize the giving of the same. Therefore the defendant was entitled to a clear and affirmative instruction covering his defense, and one which did not place a greater burden upon him than the law required. The defendant is not required to establish the defense of self-defense beyond a reasonable doubt, as stated by the court, in the foregoing instruction; but he is only required, where the killing is admitted, to establish the defense of self-defense by evidence such as, when considered with other evidence in the case, raises a reasonable doubt of his guilt.

While it is true that the instructions of the court must be considered as a whole, and if, when so considered, they

are not prejudicial to the defendant, the judgment will not be reversed, yet. in this instance the foregoing instruction was the only instruction given which touched upon the issue raised by the defendant and upon which he based his entire defense. This, then, was a specific instruction, and it would not be proper for this court to say that such an instruction given was cured by the general instruction given that the defendant was presumed to be innocent, and that the burden was upon the state to prove his guilt beyond a reasonable doubt, because the specific instruction relative to self-defense could not under any circumstances be reconciled with the general instructions theretofore given by the court. *Smith v. State,* 12 Okla. Cr. 489, 150 Pac. 668, and cases cited.

For the reasons given, the judgment must be reversed, and the cause is remanded to the district court of Payne county for a new trial. It appears that the defendant is confined in the state penitentiary, and the warden of said institution is hereby instructed to deliver the said Arnold Brown into the custody of the sheriff of Payne county upon proper demand by said officer.