ARNOLD BROWN v. STATE.

No. A-3420.   Opinion Filed Nov. 8, 1919.

(184 Pac. 912.)

**APPEAL AND ERROR—Dismissal—Acceptance of Parole.** When an appeal from a judgment of conviction is pending in this court, and the plaintiff in error is granted a parole and accepts the same, and the fact that a parole has been granted and accepted is brought to the attention of this court, the appeal will be dismissed, as having been abandoned.

*Appeal from District Court, Payne County;*
*John P. Hickam, Judge.*

Arnold Brown was convicted of manslaughter in the first degree, and he appeals. Appeal dismissed, and cause remanded.

*E. G. Wilson, J. M. Springer,* and *Moman Pruiett,* for plaintiff in error.

The Attorney General and *W. C. Hall*, Asst. Atty. Gen., for the State.

DOYLE, P. J.  The plaintiff in error, Arnold Brown, and Frank Ison were by indictment jointly charged with the murder of P. T. Connor, alleged to have been committed in Payne county on the 26th day of September, 1916.  Upon his separate trial the plaintiff in error was convicted of manslaughter in the first degree, and on appeal the judgment was reversed and remanded for a new trial.  *Arnold Brown v. State,* 14 Okla. Cr. 115, 167 Pac. 762.

On a retrial the plaintiff in error was convicted of manslaughter in the first degree, and his punishment assessed at imprisonment in the penitentiary for a period of 11 years.  From the judgment rendered on the verdict an appeal was perfected, by filing in this court on August 3, 1918, a petition in error, with case-made.

His counsel of record have moved to dismiss the appeal on the ground and for the reason that plaintiff in error has been granted a parole and has accepted the same.  In *Cowley v. State,* 11 Okla. Cr. 561, 149 Pac. 924, it is said:

"When an appeal from a judgment of conviction is pending in this court, and the plaintiff  *  *  *  applies for a parole, and the same is granted and accepted by the plaintiff in error, and the fact that a parole has been granted and accepted is brought to the attention of this court, the appeal will be dismissed, as having been abandoned."

The appeal herein is therefore dismissed, and the cause remanded to the trial court.

ARMSTRONG and MATSON, JJ., concur.