## JESSE McNEELY v. STATE.

No. A-4145.   Opinion Filed Feb. 13, 1923.
(212 Pac. 441.)

(Syllabus.)

**Appeal and Error—Dismissal—Acceptance of Parole by Appellant.**
When an appeal from a judgment of conviction is pending in
this court, and the plaintiff in error is granted a parole and
accepts the same, and the fact that a parole has been granted
and accepted is brought to the attention of this court, the appeal
will be dismissed as having been abandoned.

Appeal from District Court, Garvin County; G. M. Barrett, Special Judge.

Jesse McNeely was convicted of manslaughter in the first degree, and he appeals. Dismissed.

H. M. Carr, H. G. Butts, Ben S. Baldwin, and S. B. Garrett, for plaintiff in error.

DOYLE, J. The plaintiff in error, Jesse McNeely, was by information charged with the murder of one Ben Cowling, alleged to have been committed in Garvin county on or about the 30th day of April, 1921, by shooting him with a pistol. Upon his trial he was found guilty of manslaughter in the first degree, and his punishment assessed at imprisonment in the penitentiary for a term of nine years. From the judgment rendered in accordance with the verdict on the 21st day of June, 1921, an appeal was perfected by filing in this court on December 15, 1921, petition in error with case-made. His counsel of record have moved to dismiss the appeal on the ground and for the reason that on the 29th day of December, 1922, plaintiff in error, Jesse McNeely, was granted a parole by J. B. A. Robertson, Governor of the state of Oklahoma, and said plaintiff in error accepted the same.

The uniform holding of this court is that, when an appeal from a judgment of conviction is pending in this court, and

the plaintiff in error is granted a parole, and accepts the same, and the fact that a parole has been granted and accepted is brought to the attention of this court, the appeal will be dismissed as having been abandoned. Cowley v. State, 11 Okla. Cr. 561, 149 Pac. 924; Ernst v. State, 17 Okla. Cr. 282, 187 Pac. 930.

The appeal herein is therefore dismissed, and the cause remanded to the trial court.

MATSON, P. J., and BESSEY, J., concur.