### ARTHUR R. OLIVER v. STATE.

No. A-3800. Opinion Filed April 11, 1923.
(213 Pac. 908.)

(Syllabus.)

1. Appeal and Error—Dismissal of Appeal Where Pardon Accepted. When the pardoning power extends clemency, and the same is accepted pending the determination of an appeal, the appeal will be dismissed.

2. Same—Necessity for Appellant to Be Amenable to Judgment or Order. Where a defendant has been convicted and sentenced, and perfects an appeal, this court will not consider his

appeal unless defendant is where he can be made to respond to any judgment or order which may be rendered in the case.

Appeal from District Court, Canadian County; James I. Phelps, Judge.

Arthur R. Oliver was convicted of murder, and he appeals. Appeal dismissed.

J. B. Dudley, J. N. Roberson, and Thomas Mayfield, for plaintiff in error.

George F. Short, Atty Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error, Arthur R. Oliver, was convicted of the murder of one Charley Armour, alleged to have been committed on or about the 12th day of November, 1919, by shooting him with a pistol, and in pursuance of the verdict of the jury he was on the 27th day of December, 1919, sentenced to imprisonment in the penitentiary for life at hard labor. From the judgment an appeal was taken by filing in this court on the 24th day of June, 1920, a petition in error with case-made. Upon applications of counsel for plaintiff in error the cause was continued from term to term. On December 2, 1922, briefs on behalf of plaintiff in error were filed. On December 28, 1922, the Attorney General filed the following motion to dismiss the appeal:

"Now comes George F. Short, the duly qualified and acting Attorney General of the state of Oklahoma, and respectfully shows to this court that on the 23d day of December, 1922, and in the presence of one member of the court, the attorney of record for the plaintiff in error herein stated to the Assistant Attorney General in charge of the work before this court that the plaintiff in error had been released from the state penitentiary; that he is the attorney for plaintiff in error, had met and talked with plaintiff in error on the street in Oklahoma City on the day before; that diligent search and

inquiry has been made, and no record of any pardon or parole can be found; that plaintiff in error was convicted by a jury and sentenced to serve the remainder of his life in the state penitentiary, which judgment and sentence is not susceptible to bail or supersedeas.

"Wherefore this applicant moves the court to dismiss the appeal pending herein, under the rule heretofore established and promulgated by this court, with reference to appellants, who accept executive clemency pending their appeal or escape from custody and become a fugitive from justice."

On the facts as averred in the motion, we think the motion to dismiss the appeal should be sustained, as coming within the following rules declared by this court in numerous decisions.

When the pardoning power extends clemency, and the same is accepted pending the determination of an appeal, the appeal will be dismissed. Ernst v. State, 17 Okla. Cr. 282, 187 Pac. 930; Brown v. State, 16 Okla. Cr. 505, 184 Pac. 912.

And where a defendant has been convicted and sentenced, and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered in the case. Alexander v. State, 12 Okla. Cr. 200, 153 Pac. 619; Williams v. State, 11 Okla. Cr. 35, 141 Pac. 453.

No response or answer to the motion to dismiss having been filed, and there being no other reason why the cause should receive further consideration by this court, the motion to dismiss the appeal is sustained. It is therefore considered and adjudged that the appeal herein be dismissed, and the cause remanded to the trial court.

MATSON, P. J., and BESSEY, J., concur.