JACK FREEMAN v. STATE.

No. A-9364.   Sept. 2, 1938.
(82 P. 2d 1072.)

John W. Whipple, of Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jesse L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. This is an appeal of Jack Freeman from a conviction on assault to do bodily harm. His punishment was fixed by the trial court at three years in the state penitentiary.

The defendant, Jack Freeman, was jointly charged by information with Henry Cleveland and Morris Poteet with assault to kill. A severance was granted and the state elected to try the defendant Freeman first. The record was properly saved and the defendant has appealed. The substance of the testimony is as follows:

The prosecuting witness Ray Goff was a tenant on the farm owned by Henry Cleveland. Cleveland had furnished Goff with a sow to raise hogs on the shares; at the time of the trouble the sow had several pigs. A few days prior to the difficulty Goff was in town and saw Cleveland and they discussed the division of the pigs, at which time Cleveland advised Goff he could not rent him the place for the following year as he wanted to move out to the place.

On the 19th day of May, 1936, Cleveland, Poteet, Jack Freeman and his wife drove out to the farm, drove

up in the yard and got out, and went down to look at the sow and pigs. At this time Goff was not at home, but his mother-in-law went to where he was down near the Witt place and told him the parties were at the house.

The state's testimony further shows that while Goff was at the Witt place Witt told Goff that Cleveland had advised him he was getting Goff off the place because he could not get along with him, or words to that effect. When Goff went back home, he and Cleveland went into the house and had some words about what Witt had told Goff.

The testimony further shows that Goff had a jar of whisky, and that Cleveland and Goff drank some of the whisky, and Goff finally demanded that Cleveland go to Witt's place with him in order to show Goff had not lied as to what he claimed Witt had told him Cleveland had said and they started to go across the field the near way to the Witt place, got as far as the gate and Cleveland refused to go; Goff took him by the collar and started dragging him on toward the Witt place, finally Cleveland and Goff came back because Cleveland claimed he had heart trouble and did not want to walk that far and the parties agreed they would all get in Jack Freeman's car and drive to Witt's place, claiming they were in a hurry to get to Stillwater to get a girl of one of the parties to take her home from school.

When they left the Goff home Jack Freeman and his wife were in the back seat of the car. Poteet was driving and Goff and Cleveland were in the front seat, Goff being between Poteet and Cleveland. Shortly after the car had passed out of sight on the farm road going down to the highway the wife saw Goff coming back toward the house bleeding and considerably bruised. He came to the house but she could not do anything with him; he went down to the woods or field and finally was found near a neighbor's place bleeding and partly un-

conscious. A doctor was called, but he could not do anything with him, and finally he was taken to a hospital, where he was treated for cuts and head bruises.

Goff, in his testimony, says they were driving out towards the road and the first thing he knew he was struck in the head with some kind of an instrument; someone said to beat him to death, or words to that effect, and throw him out of the car. The car was stopped, according to Goff's statement, and he got out and wandered back toward his home.

Goff testified he had done nothing to cause them to beat him up, nor had he said anything, but the first thing he knew he was struck in the back of the head.

The defendant, Jack Freeman, stated Goff had been drinking, and as they were driving along the highway Goff reached over and grabbed Poteet around the neck and shoulders and Poteet lost control of the car and the car was about to run into some walnut stumps and he struck Goff with his fists and could not knock him loose from Poteet; he then hit him with some pliers or some other instrument and inflicted the wounds upon Goff, and they put him out of the car.

Cleveland and Poteet testified in substance to the same as Freeman. Cleveland says in addition that he asked Goff if he wanted him to go back to the house with him, and Goff said no. Goff in his statement says he was struck with a club by Freeman. The foregoing is the substance of all of the testimony.

The defendant has assigned twelve errors alleged to have been committed by the trial court, the sixth assignment being:

"That the verdict rendered herein is contrary to the law and the evidence."

The eighth assignment:

"That the court erred in giving instructions numbered 3, 6 and 11."

The eleventh instruction being as follows:

"You are further instructed that the assault by the defendant upon the prosecuting witness having been proven beyond a reasonable doubt, the burden of proving circumstances of mitigation, or that justify or excuse the assault rest upon the defendant unless the proof on the part of the state tends to show that such assault was justified or excusable."

The prosecution in this case is brought under the provisions of section 1873, O. S. 1931, 21 Okla. St. Ann. § 652, which is as follows:

"Every person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, airgun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process is punishable by imprisonment in the penitentiary not exceeding 10 years."

The defendant insists that the court erred in giving instruction No. 11, and insists it shifts the burden of proof from the state to the defendant, when it stated:

"That the assault by the defendant upon the prosecuting witness having been proven beyond a reasonable doubt, the court shifted the burden to the defendant to prove his innocence," and that the language of the instruction encroached upon the province of the jury.

In Carter v. State, 12 Okla. Cr. 164, 152 P. 1132, in paragraph one of the syllabus the court said:

"Instructions which tend to shift the burden of proof by requiring the defendant to establish his defense by a preponderance of the evidence should not be given in any criminal case."

In the second paragraph of the syllabus the court said:

"Instructions submitted by a trial court to the jury should be clear and absolutely free from any suggestion as to the verdict the court expects. Any instruction which has the effect of intimating to the jury that the court expects a verdict of guilty, or expects the jury to go into the realm of possibilities for the purpose of finding a verdict of guilty, is fundamentally wrong."

In Love v. State, 12 Okla. Cr. 1, 150 P. 913, in the fourth paragraph of the syllabus, the court said:

"Instructions couched in language which implies the expectation of the court that a verdict of guilty will be returned, or an intimation that it is the duty of the jury to convict, or which tend to shift the burden of proof, are improper."

In Bauer v. State, 3 Okla. Cr. 529, 107 P. 525, in the second paragraph of the syllabus the court said:

"An instruction, couched in language which implies the expectation of the court that a verdict of guilty will be returned, or an intimation that it is the duty of the jury to convict, or which tends to shift the burden of proof is improper."

The jury is bound to take the law from the court, but questions of fact are to be decided by the jury. An instruction of the court must not invade the province of the jury or show any interest beyond a plain statement of the law applicable to the facts.

In this case it will be noticed that the court invaded the province of the jury to the extent of telling the jury that the assault by the defendant upon the prosecuting witness had been proven beyond a reasonable doubt and placed the burden of proving the circumstances of mitigation, or the justifying or excusing the assault of the defendant unless the proof on the part of the state tends to show that the assault was justified or excusable.

The court in this instruction shifted the burden of proof by requiring the defendant to establish his defense after telling the jury that the assault had been proven beyond a reasonable doubt. This instruction may have been understood by the jury that the court expected a verdict of guilty, or construed as an instruction that it was the duty of the jury under the evidence to convict the defendant. We think the jury should have been instructed that after a fair and impartial consideration of all of the evidence in the case, if they were not convinced beyond a reasonable doubt of the guilt of the defendant as charged in the information, it was its duty to acquit the defendant.

It is never the duty of the jury to convict a defendant until after a fair and impartial consideration of all the evidence and the circumstances, it is convinced beyond a reasonable doubt of his guilt. The court should have left the jury free to act after properly instructing and advising it, if it had a reasonable doubt that the assault was justifiable it was its duty to acquit. Hooper et al. v. State, 26 Okla. Cr. 227, 223 P. 209; Nichols v. State, 10 Okla. Cr. 247, 135 P. 1071; Jarman v. State, 57 Okla. Cr. 226, 47 P. 2d 220; Bauer v. State, 3 Okla. Cr. 529, 107 P. 525.

An instruction placing the burden on the defendant to prove the assault made on the prosecuting witness by the defendant was justifiable is an erroneous instruction and tends to shift the burden from the state to the defendant.

A general instruction that the defendant is presumed to be innocent until his guilt is proved beyond a reasonable doubt was not cured by a general instruction that he was presumed to be innocent until his guilt was established beyond a reasonable doubt. Brown v. State, 14 Okla. Cr. 115, 167 P. 762.

We have refrained from discussing the evidence and the other errors assigned for the reason that this case will be tried again. For the reasons herein stated, instruction No. 11, complained of by the defendant, was an error on the part of the court, and for that reason the case is reversed and remanded with directions to proceed in conformity with this opinion.

DOYLE and BAREFOOT, JJ., concur.