## ROBERT CROUCH v. STATE.

No. A-3834. Opinion Filed May 5, 1923.
(214 Pac. 747.)

(Syllabus.)

1. **Trial—Duty of Court to Direct Jury to Declare Punishment in Verdict.** It is the duty of the court upon request of the defendant to instruct the jury to declare the punishment in their verdict. Section 2750, Comp. Stat. 1921.

2. **Same—Sufficiency of Instruction.** A general instruction advising the jury that, if they should return a verdict of guilty, "then you will indicate therein the penalty to be inflicted," is a sufficient compliance with the statute on that subject.

Appeal from District Court, Woods County; Arthur G. Sutton, Judge.

Robert Crouch was convicted of rape, and he appeals. Affirmed.

W. A. Briggs and A. J. Stevens, for plaintiff in error.

Geo. F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. Robert Crouch was by information charged with the crime of rape, and on the 11th day of February, 1920, he was by the verdict of a jury found guilty as charged. His punishment was by the court fixed at confinement for 12 years in the state penitentiary. From the judgment he appeals to this court.

There are 16 assignments of error set out in the petition in error, but only one of them is urged in the brief. The others may therefore be considered as waived. The assignment of error argued in the brief is assignment No. 8 of the petition in error, as follows:

"Said court erred in failing and refusing, after the argument in the said case, and before the final submission of same to the jury, at the request and demand of the plaintiff in error, to instruct the jury that the plaintiff in error had requested that the jury fix the penalty in the event they found a verdict of guilty, and that it was the duty of the jury to fix the penalty."

Instruction No. 5 given by the court is as follows:

"Should you return a verdict of guilty, then you will indicate therein the penalty to be inflicted. But if you find the defendant guilty and are unable to agree upon the penalty to be inflicted, then you may return your verdict of guilty without fixing the penalty, and the court will perform that duty."

After this and the other instructions were read to the jury, defendant's counsel stated:

"The defendant at this time requests that in case the jury convicts the defendant they fix the penalty.

"By the Court: I have already done so (so instructed).

"By Defendant's Counsel: Under the law of this state, where the defendant requests it, I believe we are entitled to an instruction that they must fix the penalty. * * *

"By the Court: The application is refused. (Exception allowed.)"

The verdict returned by the jury is as follows:

"We the jury duly impaneled and sworn to try the issues in the above-entitled cause, do upon our oaths find the

defendant guilty and fix the amount of the penalty at——
years in the penitentiary.''

After this verdict was returned into court and read by the
clerk, the court said:

''Gentlemen of the jury, is this your verdict?

''By the Foreman: Yes, sir.

''By the Court: So say you all?

''Jurors: Yes, sir.

''By the Court: You didn't fix the penalty; did you
purposely omit that, gentlemen?

''By the Foreman: How's that?

''By the Court: I say you have the privilege of fixing
the penalty to be inflicted on the defendant. You omitted
to do that in your verdict.

''By the Foreman: Yes, sir; we couldn't agree.

''By the Court: You omitted that then purposely?

''By the Foreman: Yes, sir.

''By Counsel for Defendant: The defendant excepts to
the verdict as not being in accordance with the law as per
the request of the defendant made at the time the jury was
instructed and requests again made before the matter was
finally submitted to the jury.''

No specific objection was made to the form of the verdict
as to being general or specific.

The sections of our statutes relating to the fixing of the
penalty by the jury, and the form of the verdict are as fol-
lows:

Section 2750, Comp. Stat. 1921:

''In all cases of a verdict of conviction for any offense
against any of the laws of the state of Oklahoma, the jury

may, and shall upon the request of the defendant, assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided.''

Section 2751, Id.:

''Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly.''

Section 2743, Id.:

''If the jury render a verdict not in form, the court may, with proper instructions as to the law, direct them to reconsider it, and it cannot be recorded until it be rendered in some form which it can be clearly understood what is the intent of the jury.''

We think the court's instruction to the jury with regard to fixing the penalty substantially complies with the statute, that the word ''will,'' construed with the context, means ''shall,'' and that the jury so understood it, and acted accordingly. This deduction is not in conflict with the declaration made in Oelke v. State, 10 Okla. Cr. 49, 133 Pac. 1140, the fourth syllabus of which is as follows:

''Where upon the request of the defendant the court instructs the jury that, in the event they find a verdict of guilty, they may assess and declare the punishment in their verdict, it is the duty of the court to require the jury, if they find a verdict of guilty and fail to agree upon the punishment, so to say by their verdict; and, if the jury render a verdict not in form, the court should with proper instructions direct them to reconsider it.''

While in this case the court did not require the jury to reform the verdict to the effect that they were unable to agree upon the punishment, the court did ascertain from the jurors

in open court what was their finding in the matter. By that means we think the purpose of the statute was met, and that the accused suffered no injury because of that omission from the formal verdict. The verdict was otherwise regular.

The circumstances connected with the commission of this crime were of an unusually aggravated character, and would have justified the jury in assessing the punishment much in excess of that imposed by the court. We see no reason why the judgment should be disturbed.

The judgment of the court below is therefore affirmed.

MATSON, P. J., and DOYLE, J., concur.