### E. A. PHIPPS v. STATE.

No. A-4627. Opinion Filed Jan. 17, 1925.
(232 Pac. 125.)

(Syllabus.)

**Trial—Invading Province of Jury—Prejudicial Instruction as to, Effect of Possession of Liquors.** Under section 6999, Comp. Stats. 1921, declaring that the keeping in excess of a certain amount of intoxicating liquors "shall be prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors," it is error to charge:

"If you should find from the evidence beyond a reasonable doubt that defendant had said whisky in his possession and under his control, then and in that event you should find the defendant guilty."

Whether or not such evidence is sufficient to overcome the presumption of innocence of a defendant and to establish his guilt beyond a reasonable doubt, when all the evidence, including the presumptions, is considered, is for the determination of the jury.

Appeal from County Court, Grady County; J. M. Shelton, Judge.

E. A. Phipps was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed.

Bond, Melton & Melton, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. On an information charging that he did have in his possession "one and one-half gallons of whisky

with the willful and unlawful intent to sell the same," E. A. Phipps was convicted, and his punishment fixed at confinement in the county jail for 60 days and a fine of $200. He has appealed from the judgment rendered upon such conviction.

The evidence shows that Mat Sankey, sheriff, and B. Arthur Wilson, deputy, went to the farm of plaintiff in error, nine miles east of Rush Springs, in Grady county, for the purpose of searching his premises for intoxicating liquors.

The officers found the wife of plaintiff in error at home, and she said that her husband was in Lindsay. They proceeded to search the premises, and found three half gallon jars of whisky in a box, covered with cotton seed, in the harness room of the barn, and found a little jug of whisky in the heating stove in the house.

As a witness in his own behalf E. A. Phipps testified that about the 14th day of August he left home and visited in West Texas, was gone 8 or 9 days, returning 2 days before the officers appeared at his place; that there were eight in his family, including two boys, one 17 and the other 15 years of age, at home; that he knew nothing about the whisky that was found in the harness room; that the little jar found in the house was whisky that he kept for his wife, who had been "puny" for a year.

Of the various errors assigned it is only necessary to consider the one that the court erred in giving, over defendant's objection and exception, the following instruction to the jury:

"No. 3. You are further instructed, gentlemen of the jury, that the defendant is charged in the information of having in his possession, and under his control, one and one-half gallons of whisky. If you should find from the evidence, beyond a reasonable doubt, that defendant had said whisky in his possession and under his control, then and in that event you should find the defendant guilty."

By numerous decisions of this court it is held that, under section 6999, Comp. Stats. 1921, declaring the keeping in excess of a certain amount of intoxicating liquor "shall be 'prima facie evidence' of an intention to convey or otherwise dispose of such liquor," since the statute only means to make such evidence competent and sufficient to establish the unlawful intent, unless rebutted or the contrary proven, yet it does not make it obligatory upon the jury to convict after the presentation of such proof. Whether or not such evidence is sufficient to overcome the presumption of innocence of a defendant and to establish his guilt beyond a reasonable doubt, when all the evidence, including the presumption, is considered, is for the determination of the jury. Caffee v. State, 11 Okla. Cr. 485, 148 P. 680; Sellers v. State, 11 Okla. Cr. 588, 149 P. 1071; Beal v. State, 12 Okla. Cr. 157, 152 P. 808; Butler v. State, 12 Okla. Cr. 530, 159 P. 1090; Foley v. State, 25 Okla. Cr. 112, 219 P. 179.

Under the evidence in this case the instruction objected to almost amounted to directing the jury to find the defendant guilty. This conclusion renders it unnecessary to consider the other questions in the case.

For the reason stated, the judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.