## BLANE KENT et al. v. STATE.

No. A-8310.    April 16, 1932.
(10 Pac. [2d] 733.)

Wilcox & Swank, for plaintiffs in error.

J. Berry King, Atty. Gen., and Gus Rinehart, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiffs in error, hereinafter called defendants, were convicted in the district court of Payne county of the crime of assault with intent to do bodily harm, and their punishment fixed by the jury at imprisonment, for each of them, in the penitentiary for one year and one day.

Defendants complain that they were prevented from having a fair trial by reason of the unreasonable and prejudicial attitude and remarks of the trial judge, in the presence of the jury, during the progress of the trial.

It was the contention of the defendant Blane Kent that T. H. Dillard, who had been commissioned as a special peace officer for the Old Settlers' picnic near Perkins, had made an unprovoked and vicious assault upon Kent's son, and had rendered him unconscious; that when information of this assault was brought to Kent, he hunted the officer to find out the cause of the trouble; that the officer assaulted him; and that all that he did was in his own self-defense.

During the cross-examination of W. H. Wilson, a witness for the defendant, when he was asked if he was present at the athletic tent, the court said, in the presence of the jury:

"Now, you are still in that tent. We have had enough about that tent, under the present condition of things in this case. We are not trying that thing up there, and I have told you that three or four times. Get down to the matter of this accident, and the scene of the thing under investigation. There has been plenty gone in as to what happened at the tent and I don't care to investigate that any further, it is not a matter for inquiry, in the tent, that is a side issue. By Mr. Simcoe: We would like to put on one witness to show what happened in the tent. By the Court: Well, I don't think it is ma-

terial in this case what happened at the tent. If this man beat Bennie all to pieces that wouldn't justify these defendants hunting him up and assaulting him, so what is the use of going over the testimony of that transaction up there? We admitted it in here as a beginning. It is hardly a part of the res gestae, but we let it in to explain that situation. I will permit you to use this witness on that."

At this stage of the case, Solomon Kent and Wilson had testified for the defendant and at which time the court said:

"Well, go ahead and put on your evidence if you have got any, about this affair under investigation. By Mr. Swank: We have got plenty of evidence. By the Court: I haven't heard any yet. By Mr. Swank: We except. By the Court: Well, you have it and I will give you a thousand in the event you want them. The court has admonished counsel several times to proceed with the evidence concerning the real transaction under investigation here, and thus far counsel has failed to do that, or has refused to do it, and the court is insisting that counsel proceed with his defense in this case at this time. By Mr. Swank: Exception."

During the cross-examination of defendant's witness A. D. Collins, he was trying to explain his conclusion as to the good reputation of defendant Blane Kent, when the trial judge broke into the middle of a question and ordered the witness off the stand. The record is as follows:

"Q. What is not quite right. General reputation— By the Court: Well, we have had enough from this witness; that is all."

Emma Kent was called as a witness by defendant. She does not speak English, and accordingly it was necessary to use an interpreter. Solomon Kent, her son, was sworn as interpreter, and the state objected to his act-

ing as interpreter on the ground that he was an interested person. The record is as follows:

"By Mr. Horton: I want to object to Solomon Kent he being an interested person acting as interpreter in the case. By the Court: Well, the jury knows that. Go ahead."

In Smith v. State ex rel. Gallaher, 12 Okla. Cr. 513, 159 Pac. 941; Simmons v. State, 31 Okla. Cr. 317, 238 Pac. 871; Brooks v. State, 33 Okla. Cr. 296, 243 Pac. 998; Thomas v. State, 36 Okla. Cr. 209, 253 Pac. 514, and Bramble v. State, 37 Okla. Cr. 35, 255 Pac. 1104, 1105, this court reversed convictions where the remarks of the court were not as uncalled for or prejudicial as they are in the case at bar.

The trial judge was mistaken when he said that what occurred in the tent had nothing to do with the case on trial. This evidence was admissible for the purpose of showing who was the probable aggressor, and in mitigation of the punishment.

The other remarks set out in the record were entirely uncalled for and highly prejudicial, and undoubtedly prevented the defendants from having that fair and impartial trial guaranteed to them by the Constitution. Trial courts should proceed with dignity, rule with impartiality, and say as little as possible in the trial of criminal cases.

The contention of defendants that they were prevented from having a fair trial because of the prejudicial remarks of the trial judge is well taken. The cause is therefore reversed as to each of them.

DAVENPORT, P. J., and EDWARDS, J., concur.