## HAPPY DUNN v. STATE.

No. A-9038.   Sept. 10, 1936.
Rehearing Denied Nov. 20, 1936.
(63 Pac. [2d] 772.)

Bishop, Bishop & Seay, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted in the district court of Carter county of the crime of the larceny of an automobile, and sentenced to serve a term of ten years in the penitentiary. Motion for new trial was filed, considered, overruled, and exceptions saved, and defendant appeals.

The testimony on behalf of the state in substance is, on the 3d day of September, 1934, Alimon Forbes drove his Ford two-door coach to the side of the hotel; about 8 o'clock Forbes missed his car and reported to the police his car was gone. Later on he was notified the car had been located in a Ford garage, at Seminole, in Seminole county, Okla. The witness further stated he went to Seminole and identified the car by some peculiar dents that had been caused by a wreck while his wife was driving the car; there was also further identification, as the wife had received a cut on the hand and left bloodstains on the top of the car. He positively identified the car by the secret number under the hood. The car was taken without his knowledge or consent. He had bought the car in Ohio, and had a bill of sale for it.

Raymond Shoemaker, testifying for the state, stated: "I live in Ardmore. I am a plain clothes peace officer. When I received notice of the loss of Forbes' car, we in-

stituted a search, and with the assistance of Mr. Scruggs, highway patrolman, the car was located in Seminole, in the possession of a Mr. Anderson." Witness further stated the motor number had been changed but the secret number had not. They brought the car in to the Ford Motor Company, in Seminole.

M. D. Lane, testifying for the state, stated: "I bought this car from the defendant. The defendant gave me his name as J. D. Hart. I traded the defendant a Willys-Knight car and gave him $75." The canceled check was introduced in evidence. Witness Lane positively identified Happy Dunn as the person who sold the car under the name of J. D. Hart.

There was also introduced a title receipt from the state of Texas. The defendant or some one for him made application to the state of Oklahoma for a certificate of title. No testimony was introduced by the defendant.

The defendant alleges 14 errors which he insists are sufficient to warrant this court in reversing his case. When the state rested, the defendant filed an oral demurrer and a motion asking for an instructed verdict, both motions were heard, considered, overruled, and exceptions duly saved. The defendant then announced he rested.

The defendant first argues his fourth assignment, which is as follows: "Because of error of the court in refusing to sustain the motion of the defendant to dismiss this case for the reason that the court did not have jurisdiction to try the same."

In order to properly consider this assignment, it will be necessary to briefly refer to the record heretofore made in this case. On the 26th day of January, 1935, this case

was assigned by the court to be tried on the 11th day of February, 1935; on the 28th day of January, 1935, said case was passed for arraignment until February 5, 1935. February 5, 1935, defendant appeared in open court and waived arraignment and asked for time in which to plead and was given twenty-four hours. February 6, 1935, defendant entered his plea of not guilty of the crime charged against him. February 11, 1935, a jury was waived and the case passed subject to call. This case then stood on call until the 3d day of April, 1935, when the defendant filed a motion for continuance, which motion was granted, and the case passed until the 16th day of April, 1935, and was then reset for the 20th day of June, 1935, and then by order of the court set for trial on the 27th day of June, 1935.

Before the case was called for trial, the defendant came in, notwithstanding heretofore a jury had been waived, and demanded a jury. A jury was duly impaneled and sworn, and the case proceeded to trial and resulted in a verdict of guilty, leaving the punishment to the court, and the court sentenced the defendant on the verdict returned by the jury to serve a term of ten years in the penitentiary at McAlester, for the crime for which he was tried and convicted.

It is urged by the defendant that the court had no jurisdiction to try the defendant for the reason: "There had never been a transcript filed in this case in the district court conferring upon the court any jurisdiction at all."

Evidence was taken, and it was conclusively shown by the district clerk, the county attorney, and the justice of the peace who heard the case that, when the case was called before the justice of the peace for preliminary ex-

amination, the defendant appeared and waived preliminary examination, and was held to the district court, and that bail was fixed by the justice of the peace at $3,000; that the order of the court showing defendant waived examination was filed in the district court and bail fixed at $3,000, was written on the back of the original complaint which charged the defendant with the commission of the crime, and the clerk's record shows the complaint was received from the justice of the peace and filed in his office. When the court was hearing the testimony, the original complaint could not be found. However, without setting out the testimony in full, the court made a finding that the testimony was sufficient to show the complaint made before the justice of the peace, holding the defendant to the district court, and fixing bail at $3,000, was filed in the clerk's office. Its absence could not be accounted for.

The record further shows that prior to the time of filing this motion the defendant appeared in open court and waived arraignment and took time to plead, and entered a plea of not guilty, and a jury was waived and the case assigned for hearing, and then passed from time to time, and finally, when the case was called for trial, the defendant appeared and demanded a jury trial, notwithstanding the jury had previously been waived.

The authorities cited by the defendant to sustain his contention that his motion to dismiss for want of jurisdiction of the court should have been sustained contained good law if the facts in the record sustained the defendant's contention. This court is not inclined to disturb the findings of the trial court when the finding is based upon sufficient facts to sustain the same. The evidence shows without doubt that the complaint against the defendant filed in the justice court was filed in the district clerk's office in Carter county, and the proof by the

justice of the peace and county attorney shows the order of the justice of the peace holding the defendant to the district court and fixing his bail at $3,000 was written on the back of the complaint. What became of the complaint and order, or how it got out of the files of the clerk's office, this court will not undertake to say, but it will say that, notwithstanding the original complaint and order holding the defendant to the district court have been extracted from the files, and no one seems to know where they are, the testimony showing what took place at the preliminary hearing, and the complaint was received by the district clerk and filed in the clerk's office.

The defendant in this case, as shown by the record, seems to have attempted to trifle with the court, and the court as shown by the record indulged the defendant to the fullest extent, even after he had waived a jury and the case was continued from time to time, the court then ordered a jury called in order that the defendant might have a fair and impartial trial. The motion of the defendant to quash the information and dismiss the case on the ground that the trial court had no jurisdiction was properly overruled.

The next question argued by the defendant is that the court erred in refusing to give his requested instruction, which is as follows:

"Comes now the defendant, Happy Dunn, and requests the court to instruct the jury that in the event they find the defendant guilty, then it is the duty of the jury to assess the punishment."

The requested instruction was refused and defendant excepted. Section 3107, O. S. 1931, is as follows:

"In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma,

the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided."

Under this statute there is no question but what the defendant was entitled to have in instruction from the court advising the jury to assess or fix the punishment. The defendant complains and places great stress upon the question that, when he made his motion requesting the court to direct the jury, in the event it found the defendant guilty, then it would be the duty of the jury to assess the punishment. The record discloses this motion was made by the defendant under the section of the statute, supra, and the court refused the requested instruction, but on examining the seventh instruction of the court it reads in part as follows:

"You are therefore instructed, gentlemen of the jury, that should you find in this case beyond a reasonable doubt that the defendant, Happy Dunn, did, in Carter county, Oklahoma, on or about the 3rd day of September, 1934, unlawfully, wilfully, wrongfully, stealthily, fraudulently and feloniously take, steal and carry away one Ford automobile, the personal property of one Alimon Forbes, without the consent and against the will of him, the said Alimon Forbes, * * * then and in that event it will be your duty to find the said defendant guilty of larceny of an automobile and so state in your verdict and fix his punishment by confinement in the state penitentiary for a term of not less than five nor more than 20 years."

The court in its fifth instruction advised the jury:

"If you find the defendant guilty beyond a reasonable doubt of the crime charged in the information herein and are unable to agree upon the punishment you will so state in your verdict, and the punishment will be fixed by the court."

Notwithstanding the court refused to give the requested instruction to the jury as to fixing the punishment, the court's general instruction is specific upon that question and directs the jury, if it finds the defendant guilty, to fix the punishment at not less than five nor more than 20 years, following the language of the statute.

In Crouch v. State, 23 Okla. Cr. 325, 214 Pac. 747, in the second paragraph of the syllabus, this court said:

"A general instruction advising the jury that, if they should return a verdict of guilty, 'then you will indicate therein the penalty to be inflicted,' is a sufficient compliance with the statute on that subject."

In the case we are considering, the court specially advised the jury, if they found the defendant guilty, to fix his punishment, giving the minimum and maximum punishment that could be imposed. In view of the general instructions given by the court to the jury, we hold that the court did not err in refusing to give the instruction requested by the defendant.

There are other errors assigned by the defendant that are not discussed, but upon an examination of the record and the defendant's brief in support of the assignments they do not possess sufficient merit to warrant a reversal.

The record in this case has been carefully examined and studied, as well as the brief of the defendant. Defendant's counsel have ably presented their side of the case was guilty of the crime charged against him, and fail to arrive at the conclusion that the defendant in this case was not guilty of the crime charged against him, and that he had been given every opportunity, and did have a fair and impartial trial; that the court indulged the defendant by continued delays, and by calling a jury in order that he would have no complaint against the court

for not being willing to see he was tried without bias or prejudice.

This record is such that the patience of the trial court must have been taxed, and, when the original complaint in this case, with a transcript of what had taken place at the preliminary trial, was lost, removed, or destroyed, the trial judge seems to have been willing to give all parties in the case a chance to clear up, if possible, the disappearance of the complaint that was shown to have been filed in the clerk's office, or to find the same.

The testimony in this case shows the defendant guilty; he had an opportunity to present all the facts to the jury; he had a fair and impartial trial. There is no reason in the record why this court should reverse this judgment. The judgment of the trial court is affirmed.

EDWARDS, P. J., and DOYLE, J., concur.