## PICKENS CLARDY v. STATE.

No. A—9388. Aug. 19, 1938.
(82 P. 2d 239.)

464

Kenneth Kienzle, of Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Thomas C. Wyatt, Co. Atty, of Shawnee, for the State.

BAREFOOT, J. Defendant was charged in the county court of Pottawatomie county with the unlawful possession of mash, was tried, convicted and sentenced to serve 30 days in the county jail and pay a fine of $200, and has appealed.

The evidence reveals that the defendant, Pickens Clardy, a colored man, owned a farm in Pottawatomie county, and resided thereon. Mr. C. W. Franks, a deputy sheriff of Pottawatomie county, decided on the 26th day of March, 1937, to go to the premises of the defendant for the purpose of searching for intoxicating liquor. He was accompanied by George Southgate, another deputy sheriff. He at no time procured a search warrant, but went to the farm of defendant and conducted a search of a building which he presumed was on defendant's premises, and there in a small log house and dugout found eight barrels of mash, a jug and some empty fruit jars, three barrels of which he said was fermenting and ready for distillation. This little log house was located about 300 or 400 yards east of the defendant's home. The officer said they saw the defendant walk from the direction of the log cabin towards his home, and after he was arrested they asked the defendant what he did with the tin

off the cowshed, and he said he used it to cover that building up there, meaning the log cabin where the mash and jars were found. This is all of the evidence offered by the state to connect the defendant with the possession of the mash, with the exception that the officers testified that tracks from the log cabin led by defendant's house.

The defendant testifying in his own behalf denied the ownership of the mash and of any knowledge of it being there. He also testified the land upon which the log cabin was located was the property of his daughter, and that it had been leased the past two years to two negro men, and they had used and occupied the same up to a few days before the search was conducted. This testimony was corroborated by several witnesses offered by defendant, who testified to seeing these parties working and farming upon the premises.

There are several suspicious circumstances against the defendant, and he did not make a very good showing upon cross-examination, but from the reading of the record in this case it does not seem to us that the evidence is sufficient, with that degree of certainty required by the criminal law, that a defendant be convicted beyond a reasonable doubt, or to comply with the doctrine that the defendant is presumed to be innocent until his guilt is established. In the first place the officer went to the premises of the defendant for the purpose, and knowing at the time that he was going to search the same. He had no other business there, yet he did not procure a search warrant as required by law, but searched without one, and destroyed the property found upon the premises, no part of it being brought in for analysis, and no return was made by him to any court of what property he found there. This practice should not be condoned. Officers, for the protection not only of the individual citizens of this state, but for their own protection, should procure a search warrant before making a search, and a return of the search warrant should be made to the court in the manner provided by law. This protects not

only the right of the citizen, but also the right of the officer to make the search.

It is true, as has been held by this court, that under certain circumstances where a violation of the liquor law is committed in the presence of the officer, or where a still or liquor is found in an open or wooded country, that it is proper for the officer to seize the same without the necessity of a search warrant. But here the officer knew that he was going to the premises of the defendant for the purpose of searching the same, yet made no effort to secure a search warrant.

The state contends that by reason of the defendant making a defense that the premises did not belong to him, and that the liquor was not his property, that he could not therefore raise the question of the validity of the search warrant.

We have carefully read the former decisions of this court covering this proposition, but in view of all the facts and circumstances in this case, as above stated, we do not think they are applicable here.

We are of the opinion that the case should be reversed and defendant discharged.

DAVENPORT, P. J., and DOYLE, J., concur.