## CLARENCE WAKEFIELD v. STATE.

No. A-9434. Jan. 13, 1939.
(89 P. 2d 330.)

John W. Whipple, of Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and L. J. York, Co. Atty., of Stillwater, for the State.

BAREFOOT, J. The defendant was tried and convicted in the county court of Payne county, of the crime of maintaining a place where intoxicating liquors were kept for sale, and was sentenced to pay a fine of $50, and serve 30 days in the county jail, and has appealed.

For a reversal of this case, it is urged:

(1) That the court erred in overruling a motion to suppress the evidence in this case, and

(2) That the court erred as a matter of law in the form in which instruction No. 3 was given.

The first contention is based upon the fact that the court overruled a motion to suppress the evidence, which was to be offered in this case, and permitted the officers to testify to the finding of intoxicating liquor upon the premises of the defendant by reason of a search conducted thereon on the 15th day of July, 1937.

The facts as revealed by the record are that the defendant operated a barbecue stand in the city of Stillwater. There was also located a toilet on the back end of his lot, and to which the public had access. It was here that the liquor was found.

On the date of the search the sheriff of Payne county, in company with two deputies and a police officer, went to the defendant's place of business, as he testified, for the purpose of "looking it over." He had had some complaint and this was his reason for going to the premises. He did not take the precaution to secure a search warrant, and the search was conducted without a search warrant. The sheriff and other officers testified that the defendant was

found in the barbecue stand playing dominoes with other negro men who were there. That on being called out by the sheriff and told, "We want to look this place over, Clarence," defendant replied, "That's all right, there ain't nothing here, I was making a little barbecue and trying to make a living." The search was conducted by four officers, two of whom had already gone to the rear at the time the sheriff talked to the defendant. His home, the barbecue stand, and all out-buildings were searched, and one of the deputies found a number of bottles of whisky under the floor of the toilet. The exact amount of liquor found was not revealed by the record. The proof showed that two other negro men were living with the defendant on the premises.

The defendant denied any knowledge of the liquor and testified that the toilet where the liquor was found was open to the public. The officers further testified that the reputation of defendant's place was bad; that they had had numerous complaints. No witness was produced that had ever bought any liquor or had seen any liquor sold upon the premises.

In this case the officer knew that he intended to search defendant's place. He should have known, and probably did, that the law required that he have a search warrant before searching the premises. Certainly he knew that the statutes of this state specifically provide the necessity of having a search warrant, and knew of the opinions of this court construing the same. The home of the defendant, although it be an humble one, is entitled to the protection afforded by the statute, and before the premises were searched the officer should have procured a search warrant for the purpose of searching the same. It is a very poor excuse to say that defendant gave his permission for the search. He was there confronted by the officer who told him he was there to "look his place over." There was nothing for him to do but say it was all right. If he had

said "No," his place would have, no doubt, been searched any way. In fact, the testimony reveals that two of the officers had gone to the back, and were in the act of searching the premises before the sheriff had talked to the defendant. This court has often held that permission to search under the facts as revealed by the evidence in this case, was not sufficient for an officer to search without the procuring of a search warrant. There have been some cases to the contrary, but we are of the opinion that under the facts of this case, there was not a voluntary consent on the part of the defendant. Jones v. State, 38 Okla. Cr. 251, 260 P. 89; Mosier v. State, 59 Okla. Cr. 106, 56 P. 2d 908; Clardy v. State, 64 Okla. Cr. 463, 82 P. 2d 239.

Not only was a search conducted without a search warrant, but the evidence in the case is very unsatisfactory. There is nothing to show defendant's connection with the liquor, except that it was found under the floor of the toilet which was some distance from defendant's place of business. Other parties resided at defendant's place. There was no proof that defendant had ever been convicted of a violation of the prohibition laws. No proof of a sale at his place of business at any time and the evidence was offered of his good character and reputation, and that in addition to running the barbecue stand that he was a carpenter, and worked when he could secure the same. The record failed to show the amount of liquor that was seized, and it occurs to us that it did not reach that dignity which entitled it to overcome the presumption of innocence to which the defendant was entitled under the law.

The court instructed the jury as follows:

"You are instructed that if you find the defendant guilty, you may fix and assess his punishment at a fine of not less than $50 nor more than $500, and by imprisonment in the county jail for not less than 30 days, nor more than six months.

"In this case the defendant has requested that if you agree upon the guilt of the defendant, you must fix and assess the punishment in your verdict.

"Exception taken as to form and granted, this 4th day of October, 1937. (Signed) Ralph B. Simcoe, County Judge."

It is contended that the clause:

"In this case the defendant has requested that if you agree upon the guilt of the defendant, you must fix and assess the punishment in your verdict,"

was error for the reason that it left the inference with the jury that defendant expected the jury to find him guilty.

Section 3107, Okla. Stats. 1931, 22 Okla. St. Ann. § 926, provides as follows:

"In all cases of a verdict of conviction for any offense against any of the laws of the state of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided."

Under the above statute it is the duty of the court when requested by defendant to require the jury to assess the punishment. The case of Oelke v. State, 10 Okla. Cr. 49, 133 P. 1140, says:

"Where upon the request of the defendant the court instructs the jury that, in the event they find a verdict of guilty, they may assess and declare the punishment in their verdict, it is the duty of the court to require the jury, if they find a verdict of guilty and fail to agree upon the punishment, to so say by their verdict; and, if the jury render a verdict not in form, the court should with proper instructions direct them to reconsider it."

We have examined the original record in this case and it reveals that defendant requested the court to instruct the jury to assess the punishment in the event they

returned a verdict of guilty. The court did this in the instructions, but also added that in the event they could not agree upon the punishment to so state in their verdict and the court would assess the punishment. The court, however, did not instruct the jury that the defendant had requested this instruction, as in the case at bar. We have examined a number of authorities upon this proposition, and from reading them are of the opinion that in all instructions given by the court there should be no designation that any part of them are given at the request of the state or the defendant. This error alone might not be sufficient for a reversal of this case, but the instructions should embrace the law applicable to the particular facts in the case. For the purpose of reserving exceptions, the record should indicate what instructions were requested by the state or defendant, but it is certainly the best practice for the court not to give any intimation to the jury that any particular instruction was given either at the request of the state or the defendant. 16 Corpus Juris 1069; People v. Bundy, 168 Cal. 777, 145 P. 537; People v. Fisher, 16 Cal. App. 271, 116 P. 688; State v. Marren, 17 Idaho 766, 107 P. 993; Aneals v. People, 134 Ill. 401, 25 N. E. 1022; Hamilton v. State, 129 Ga. 747, 59 S. E. 803; Burnett v. State, 46 Tex. Cr. 116, 79 S. W. 550.

For the reasons above stated the judgment of the county court of Payne county is reversed.

DOYLE, P. J., and DAVENPORT, J., concur.