## NELLIE ROBERTS v. STATE.

No. A-10110. July 29, 1942.

(128 P. 2d 240.)

Frank Leslie, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for the State.

BAREFOOT, P. J. Defendant, Nellie Roberts, was charged jointly with Mrs. M. R. Glenn Pritchard in the court of common pleas of Tulsa county, with the crime

of unlawful possession of intoxicating liquor, to wit, 22 pints and one quart of whisky, was tried, convicted and sentenced to pay a fine of $50, and serve 30 days in the county jail, and has appealed.

This case was tried before a jury. The codefendant, Mrs. M. R. Glenn Pritchard, who was the mother of the defendant, was acquitted. Defendant, Nellie Roberts, was convicted.

For reversal of this case it is contended that the court erroneously instructed the jury to the prejudice of the defendant, Nellie Roberts, and that an exception was taken to the instruction. A part of instruction No. 6 is the one complained of and is as follows:

"In this connection, you are instructed that the defendant, Nellie Roberts, has admitted ownership of the whisky in question, and the court instructs you that this testimony on her part is equivalent to a plea of guilty, and the only question left for you to determine from the evidence beyond a reasonable doubt is whether Mrs. M. R. Glenn Pritchard was acting together and in concert with the defendant, Nellie Roberts, as before instructed, and if you so find beyond a reasonable doubt, then you are instructed that both defendants are guilty."

We are of the opinion that the contention is well founded. The defendant had entered a plea of not guilty and was being tried with her codefendant. The fact that she had testified that the whisky in question belonged to her did not justify the trial court in instructing the jury "that this testimony on her part is equivalent to a plea of guilty." This was a charge upon the weight of the evidence, as has often been decided by this court. Nichols v. State, 39 Okla. Cr. 32, 262 P. 1076; Whittenburg v. State, 46 Okla. Cr. 380, 287 P. 1049; Kent v. State, 53 Okla. Cr. 276, 10 P. 2d 733; Wilson v. State, 55 Okla. Cr. 22, 24 P. 2d 296; Freeman v. State, 65 Okla.

Cr. 40, 82 P. 2d 1072; Westfall v. State, 30 Okla. Cr. 115, 235 P. 270; Nichols v. State, 10 Okla. Cr. 247, 135 P. 1071.

The county attorney's office of Tulsa county was represented at the time oral argument was had in this case and confessed error.

For the reason above stated, the judgment and sentence of the court of common pleas of Tulsa county is reversed and remanded.

JONES and DOYLE, JJ., concur.