## HAMPTON v. BURFORD.

No. A-11557. May 29, 1951.

(232 P. 2d 407.)

Geo. L. Hill and Kirksey M. Nix, McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This is an original action in habeas corpus wherein the petitioner, Marvin Hampton, seeks to secure his release from confinement in the penitentiary.

The verified petition attacks the validity of a judgment and sentence of the district court of Osage county pronounced on March 13, 1937, wherein the petitioner was sentenced to serve a term of life imprisonment in the State Penitentiary upon a plea of guilty to the charge of murder.

Testimony in connection with the petition for habeas corpus was heard before the district court of Pittsburg county at McAlester, and a transcript of such testimony has been certified to this court, and the case was submitted for the determination of said petition on such transcript of the evidence together with the exhibits attached.

This evidence disclosed that early in 1937 the sister of the petitioner went to the county officials of Osage county and told them that her brother, the petitioner Marvin Hampton, had been implicated in a killing that occurred about six years before that time together with Cecil Harris and Clifford Wilson. She told the officers that her brother was living a law-abiding life; that he had married; and that the crime which had been committed was worrying him and that he was anxious to see it cleared. After hearing her story, the officers made an investigation and learned that one Charles Miller had been found dead near the city of Tulsa, in Osage county, on March 22, 1930. The petitioner Hampton surrendered to the authorities and offered his assistance in every way possible to clear up the crime which had been committed.

Lacey McKenzie, the assistant county attorney of Osage county, testified at length concerning the circumstances surrounding the surrender and the trial of the codefendant Wilson, during which trial the petitioner Hampton testified on behalf of the state. The prosecutor testified that he promised Hampton that if he would testify truthfully against the codefendants that he would see that he got not less than four nor more than ten years for his part in the crime. The prosecutor testified that without the testimony of Hampton the state would have been unable to make a case against any of the perpetrators of the crime. The evidence showed that a gun held in the hands of Cecil Harris had accidentally discharged during the robbery of Miller. Wilson and Harris participated in the actual robbery while Hampton remained at the car the three had been driving. All three were charged by information in the district court of Osage county with the crime of murder. When the petitioner was arraigned on said charge his sister had employed John Tillman, an attorney of Pawhuska, to appear with him at arraignment, and a plea of not guilty was entered at that time. The prosecutor testified that after the arraignment of Hampton he, the prosecutor, told Hampton that he and his family should not waste their money employing an attorney as a lawyer would not be necessary if Hampton testified for the state, and that he would see that he secured the sentence of not less than four nor more than ten years upon his plea of guilty to the lesser charge of manslaughter in the first degree. The prosecutor further testified that when the case was called for trial the petitioner Hampton entered his plea of guilty without the presence of a lawyer or without the assistance of counsel, in accordance with his arrangement with the county attorney, and the court set the time for pronouncement of his judgment and sentence after the trial of Wilson had been concluded. The prosecutor further testified that he later talk-

ed to the trial judge in his chambers concerning his agreement with Hampton and the trial judge told him that it would be impossible to reduce the charge of murder to manslaughter for the reason that the crime of manslaughter was barred by the statute of limitations, but that he would sentence petitioner to life imprisonment for murder, but would recommend clemency.

The proof showed that when the petitioner came before the court to be sentenced upon his plea of guilty that he still was without counsel and expected to receive, in accordance with his agreement, not more than ten years in the State Penitentiary. The court then sentenced the accused to life imprisonment. After this was done Hampton asked permission to withdraw his plea of guilty, but the court informed him that he had had 24 hours after he entered his plea of guilty to withdraw it and that now it was too late to be withdrawn. The application to withdraw the plea was denied and petitioner was committed to the penitentiary.

The appeal of Clifford Wilson to this court was reversed and remanded for a new trial. According to the record he has never been tried again and is now a juke box operator in the city of Tulsa. Wilson v. State, 65 Okla. Cr. 10, 82 P. 2d 308. The other codefendant, Cecil Harris, was never tried. So it appears that Hampton is the only one of the three accomplices who has suffered any imprisonment.

The trial court in accordance with his statement to the county attorney did recommend a parole for Hampton, and in 1939 he received a parole from the penitentiary, which parole was revoked in 1947, and the petitioner again committed to the penitentiary where he now remains incarcerated, although acting as a trusty.

The issue presented is whether the trial court lost jurisdiction to pronounce judgment and sentence upon the plea of guilty by its failure to appoint counsel to consult and advise with the accused after it became apparent that the court was not willing or unable to abide by the agreement which had been made between the prosecutor and the accused.

It has been held that, where an accused did not have assistance of counsel and did not effectively waive his right to assistance of counsel for his defense under section 20 of the Bill of Rights of the Oklahoma Constitution, his conviction was void as having been rendered without jurisdiction and that the accused was deprived of his liberty without due process of law. Ex parte Stinnett, 71 Okla. Cr. 184, 110 P. 2d 310.

In Johnson v. State, 79 Okla. Cr. 363, 155 P. 2d 259, this court held that in a capital case, where accused appears without counsel on arraignment, the trial court should appoint counsel to advise with accused, whether requested or not, as a requisite of due process of law.

The case of Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645, presented a case which is similar in many aspects to the instant case. The syllabus of that case reads as follows:

"Every person charged with a crime, whether guilty or innocent, is entitled to a fair and impartial trial according to the due and orderly course of the law, and it is a duty resting upon the courts to see that the guaranty of such a trial, conferred by the laws upon every citizen, shall be upheld and sustained.

"The remedy of habeas corpus is available wherever it is found that the court in which the petitioner was tried had no jurisdiction to try him, or that in its proceedings his constitutional rights were denied.

"Under the Bill of Rights, an accused has the right to consult with counsel and to be fully advised as to his rights, and as to the consequences of his act before entering his plea to the indictment or information.

"Where the evidence shows that the county attorney and district judge promised the defendant that if he would plead guilty to a charge then pending against him that the judgment and sentence which would be pronounced would run concurrently with a sentence which had theretofore been imposed upon the defendant, but suspended during his good behavior, and which promises were impossible to fulfill by the court for the reason the court was without authority to provide that said sentences shall run concurrently, and where the evidence further shows that the defendant was without the advice of counsel and would not have entered his plea except for the representations made by the trial judge and county attorney, this court on a habeas corpus proceeding may inquire into the proceedings and order the defendant discharged from custody or vacate the judgment and remand the same to the trial court for further proceedings thereon."

In the body of the opinion this court said:

"In Howington v. State, 30 Okla. Cr. 243, 235 P. 931, this court held: 'A plea of guilty should be entirely voluntary, and should be made by one competent to know the consequences thereof, and should not be accepted until after the defendant has been fully advised by the court of his rights and the consequences of his plea.'

"Clearly, if it is the duty of the court to advise the defendant of the consequences of his plea and the court accordingly makes certain promises which cannot lawfully be carried into execution, a plea of guilty thus obtained is contrary to the spirit of the Bill of Rights of our constitution. The petitioner was young, ignorant, and inexperienced; he had a right to rely upon the representation made to him by the county attorney and concurred in by the trial judge. Under such circumstances it is our opinion that the judgment and sentence pronounced in cause numbered 3596 is null and void, and that the petitioner is unlawfully restrained of his liberty and imprisoned by reason thereof without due process of law."

It appears from the record that the trial judge would have permitted the reduction of the charge of murder to that of manslaughter and would have sentenced Hampton to not more than ten years imprisonment in the penitentiary if the court had not been under the erroneous impression that the charge could not have been reduced to manslaughter because of the bar of the statute of limitations. In recent years this court has had occasion to discuss this matter and our decisions have been contrary to the impression under which the trial court in Hampton's case was laboring. Osborn v. State, 86 Okla. Cr. 259, 194 P. 2d 176; Ex parte Washington, 92 Okla. Cr. 337, 223 P. 2d 552.

The petitioner was 18 years of age at the time of the commission of the alleged crime. At the time he was sentenced he was 25 years of age and in the interim he had served a term in the penitentiary. Under such circumstances it could not be said that he was wholly inexperienced in court proceedings. However, he was not an attorney and the prosecution admitted that the petitioner discharged a lawyer who had been hired by his sister relying solely upon the representation of the state's attorney that it was a needless expenditure of money because he would not receive more than ten years if he co-operated with the state. When it became apparent that the trial court intended to give the petitioner a sentence of life imprisonment in the penitentiary because of the erroneous impression that the judge had that the charge could not be reduced to the included offense of manslaughter, the court should have set aside the plea of guilty, which had been entered by the accused in the absence of any advice from counsel, and should have appointed

counsel to have advised with the accused as to what were the best steps for the accused to take. We think this failure of the court to complete the court by appointing counsel for the accused before accepting the plea of guilty and pronouncing sentence caused the court to lose jurisdiction to proceed further. Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139; Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18.

In the case of Ex parte Cornell, 87 Okla. Cr. 2, 193 P. 2d 904, 906, this court held:

"A plea of guilty should be entirely voluntary, and should be made by one competent to know the consequences thereof, and should not be accepted until after the defendant has been fully advised by the court of his rights and the consequences of his plea. * * *

"Whether one accused of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. * * *

"In a capital case, the trial court should assign counsel to represent youth seventeen years of age, upon his arraignment before receiving his plea, as a necessary requisite of due process of law, even though said youth states to the court that he waived his right to counsel. * * *

"Where evidence in habeas corpus action showed denial of some of petitioner's fundamental constitutional rights in connection with his arraignment and pronouncement of judgment and sentence against him, proceedings after filing of information in district court should be vacated, but petitioner should be remanded to such court and proceeded against therein as if never arraigned on such information, instead of being unqualifiedly discharged from incarceration."

In this case not only was defendant not advised fully as to his rights but he was misled and given misinformation through the advice given to him. At the time of defendant's plea of guilty he appeared without counsel and the minutes of the court proceedings do not show that he was advised of his right to counsel. This is a capital case and by reason of the failure of the court to appoint counsel before receiving the plea of guilty it is apparent that the petitioner is entitled to the writ of habeas corpus as prayed.

It is therefore ordered that the judgment and sentence filed against petitioner, Marvin Hampton, in Case No. 2921 in the district court in and for Osage county, State of Oklahoma, and all of the proceedings of said court in said cause subsequent to the filing of the information therein against the accused, Marvin Hampton, be and the same are hereby vacated and set aside.

It is further ordered that the writ of habeas corpus be issued and the warden of the State Penitentiary at McAlester is hereby ordered to deliver the petitioner, Marvin Hampton, to the custody of the sheriff of Osage county.

It is further ordered that the sheriff of Osage county detain the said Marvin Hampton in his custody pending the trial or other disposition of the charge filed against Marvin Hampton in case No. 2921 in the district court of Osage county and for such other proceedings in said case as provided by law in such cases.

BRETT, P. J., and POWELL, J., concur.