## MOUGELL v. STATE.

No. A-11944.   Aug. 5, 1953.

(260 P. 2d 447.)

Harold McArthur, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty, Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J. Plaintiff in error, Wilbert M. Mougell, defendant below, was charged by information in the district court of Tulsa county, Oklahoma, with

182

having on the 18th day of December 1952, committed the crime of larceny, Title 21, § 1701, O.S. 1951, of one engagement ring of the value of $140, Title 21, § 1704, O.S. 1951, thus making himself subject to the penalty prescribed in Title 21, § 1705, O.S. 1951. To the charge the defendant entered a plea of not guilty. A jury was empaneled and the case proceeded to trial. The state offered its proof establishing the crime of grand larceny, and rested. The defendant then took the witness stand and under interrogation of counsel detailed in full all the facts almost identical as having been proved by the state, The trial judge informed the jury that the defendant had in effect entered a plea of guilty, and there was no issue of fact to be tried by the jury. Holding such to be the case, he thereupon discharged the jury, found the defendant guilty, and over defendant's objection and exception entered judgment and sentence against the defendant.

The record discloses that following the discharge of the jury the defense counsel observed:

"Mr. McArthur: Let the record show that prior to the discharge of the jury, counsel had indicated to the court that the sole and only question the defendant desired to have passed on by the jury was the assessing and fixing of punishment and that counsel is of the opinion, and still is, that the jury has the right to assess and fix the punishment in this case and for that reason we object to the discharge of the jury and except to the decision of the court in discharging the jury in this cause."

The trial court agreed such was a correct statement of the case. It thus appears it was the defendant's intention to request that the trial court submit the issue of amount of punishment to the jury.

The defendant states the issue in the following language:

"Where the defendant entered a plea of not guilty, did the court have the right to discharge the jury and to deny the defendant his right to have the jury fix and assess the punishment where the defendant admitted the facts which established his guilt."

This is a fair statement of the issue supplemented by the proposition that the defendant indicated to the trial court that that was his wish so to do. He calls our attention to the provisions of the Bill of Rights, Article 2, §§ 19, 20 of the Oklahoma Constitution, the pertinent parts of which read as follows to wit:

"The right of trial by jury shall be and remain inviolate, * * *."

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed".

Article 7, § 20 is also pertinent to a consideration of the issues herein involved, It reads as follows:

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by jury; in which case the finding of the judge, upon the facts, shall have the force and effect of a verdict by jury."

Our attention has likewise been called to Title 22, § 926, O.S. 1951, reading as follows to wit:

"In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided."

It is evident herein that the defendant's demand that the jury assess the punishment was defeated by the hasty action of the trial court. Of course, if

after a finding of guilt and consideration of the punishment to be imposed within the limitations of law the jury could not agree, then the provisions of Title 22, § 927, O.S. 1951, would be applicable, reading as follows, to wit:

"Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

In arriving at a conclusion of the issues herein there are other statutes which must necessarily be considered. Title 22, § 513, O.S. 1951, provides:

"There are three kinds of pleas to an indictment or information. A plea of:

"First, Guilty.

"Second, Not guilty.

"Third, A former judgment of conviction or acquittal of the offense charged, which must be specially pleaded, either with or without the plea of not guilty."

Title 22, § 514, O.S. 1951, provides:

"Every plea must be oral and must be entered upon the minutes of the court."

And Title 22, § 516, O.S. 1951, provides as follows:

"A plea of guilty can in no case be put in, except by the defendant himself, in open court, unless upon an indictment or information against a corporation, in which case it can be put in by counsel."

Under the foregoing provisions certain obvious fundamental rights of the defendant are involved. First, after indictment the defendant would be called upon to orally enter a plea to the information herein, which he did. His plea was not guilty. No one else could determine his plea. Under the law the election was his to make, except in case he refused to enter a plea, in which event the court could order a plea of not guilty be entered for him. A plea of not guilty being entered by the defendant herein, he then had the right under the foregoing statutes to demand a trial before an impartial jury unless the same was waived. Morrison v. State, 31 Okla. Cr. 11, 236 P. 901. Herein it was held that, in order for the waiver of a jury to be effective, both parties, the state and the defendant as well, must waive the right. Here there was no waiver of the jury trial by either the defendant or the state. In the event of a plea of guilty and a waiver of jury the matter of the punishment will be determined by the court. Herein he plead not giulty and demanded a jury intending to stand trial before the jury and abide by its verdict. Moreover he indicated to the trial judge he wanted to submit the issue of punishment to the jury, which on demand under the foregoing statutes it was his right so to do. But herein during the trial the defendant admitted facts establishing his guilt from the witness stand and the trial judge discharged the jury and found the defendant had entered what amounted to be a plea of guilty and proceeded to pronounce judgment and sentence on his finding. It is apparent that the trial judge sought to do that which the law provides only the defendant himself orally may do, and then voluntarily. Hampton v. Burford, 94 Okla. Cr. 161, 232 P. 2d 407; Nelson v. Burford, 92 Okla. Cr. 224, 222 P. 2d 382; Ex parte Tucker, 91 Okla. Cr. 391, 219 P. 2d 245, and numerous other decisions. Here the plea was not voluntary. It was forced upon defendant by the trial court. We can conceive of no more involuntary plea of guilty than that entered by the trial judge for the defendant contrary to the plain provisions of law. We know of no provision of law that permits such procedure. Certainly a confession from the witness stand from the defendant does not meet the requirements of a plea of guilty voluntarily entered. The trial judge cannot take

*away the defendant's right to a trial by jury as provided by law.* To permit such to be done would be to place the judge above the Constitution, and enable him to overrule the statutes enacted under the Constitution. Furthermore, so long as the defendant invokes the constitutional and statutory provisions, no court has a right to inquire into his motives for so doing. The right to trial by jury whatever reason for it cannot be arbitrarily taken away by the judge. It can only be dispensed with by the voluntary consent or waiver of the accused and the state. If such were not the case, how then could an accused invoke the foregoing provisions of Title 22, § 926, O.S. 1951, where he may be compelled to submit to trial before a hostile judge on a plea of guilty, whose disqualification he may not be able to effect. We can conceive of situations where the right of trial by jury under the conditions sought to be invoked by an admittedly guilty defendant would be the only avenue of escape from the hostility, bias and prejudice of the judge, on the matter of punishment. Of course, no such hostility is involved in the case at bar, but appellate judges, who lay down the precedents controlling the flow of justice, are expected to look beyond their judicial noses as to future contingencies in the law. But even under the statutes, if the jury cannot agree on the amount of punishment the accused could be compelled to submit to an injustice in some instances at the hands of a hostile judge which, of course could be relieved against by appeal, but a defendant should not be put to costs of an unnecessary appeal, when to invoke his statutory and constitutional rights could avoid it. The law has been established giving the defendant certain constitutional and statutory rights as hereinbefore set forth of which he should not be arbitrarily deprived. The trial court in the case at bar acted erroneously and infringed upon the said rights.

There are other reasons why the trial judge herein acted erroneously. It appearing it was the intention of the defendant to demand the jury fix the penalty as provided in Title 22, § 926, as it was his right so to do, and it was the court's duty so to abide by the statutes in regard thereto. Wakefield v. State, 65 Okla. Cr. 321, 89 P. 2d 330; Snider v. State, 71 Okla. Cr. 98, 108 P. 2d 552; Ladd v. State, 89 Okla. Cr. 294, 207 P. 2d 350; Tilghman v. Burns, 91 Okla. Cr. 359, 219 P. 2d 263; Dunn v. State, 60 Okla. Cr. 201, 63 P. 2d 772; Craig v. State, 31 Okla. Cr. 19, 236 P. 909; Crouch v. State, 23 Okla. Cr. 325, 214 P. 747; Tudor v. State, 14 Okla. Cr. 67, 167 P. 341; McSpadden v. State, 8 Okla. Cr. 489, 129 P. 72; Dew v. State, 8 Okla. Cr. 55, 126 P. 592. In State v. McDonald, 10 Okla. Cr. 413, 137 P. 362, 363, it was said:

"It is true that our Constitution provides that the right of a trial by jury shall be inviolate, and we are of the opinion that the state as well as the defendant has the right to a trial by jury as to all controverted questions of fact, and that the court cannot proceed with such a trial without the consent of both parties. Dalton v. State, 6 Okla. Cr. 85, 116 P. 954. But where a defendant pleads guilty, there is nothing to try. It is true that where a defendant requests it, the question of punishment must be submitted to the jury, but where no such request is made by the defendant, or where the jury do not assess the punishment, this is a question for the court alone."

The action of the trial judge herein was clearly an invasion of the province of the jury. We know of no cases in point on this specific question, for this court has repeatedly held that the trial judge has no right to invade the province of the jury even by a directed verdict or indication by act or word of the guilt of the accused in a criminal case. Nicholson v. State, 13 Okla. Cr. 123, 162 P. 447; Phipps v. State, 29 Okla. Cr. 51, 232 P. 125; Lyons v. State, 94 Okla. Cr. 288, 234 P. 2d 940. If the court cannot invade the province of the jury in the foregoing matters, it is logical to conclude that it cannot take the case from the jury while it was proceeding under the prescribed processes of law and find the defendant guilty on a judicial confession. A case that is more nearly applicable to the case

at bar is that of Roberts v. State, 75 Okla. Cr. 40, 128 P. 2d 240. Therein it was said:

"The defendant had entered a plea of not guilty and was being tried with her co-defendant. The fact that she had testified that the whiskey in question belonged to her did not justify the trial court in instructing the jury 'that this testimony on her part is equivalent to a plea of guilty'. This was a charge upon the weight of the evidence, as has often been decided by this court. Nichols v. State, 39 Okla. Cr. 32, 262 P. 1076; Whittenburg v. State, 46 Okla. Cr. 380, 287 P. 1049; Kent v. State, 53 Okla. Cr. 276, 10 P. 2d 733; Wilson v. State, 55 Okla. Cr. 22, 24 P. 2d 296; Freeman v. State, 65 Okla. Cr. 40, 82 P. 2d 1072; Westfall v. State, 30 Okla. Cr. 115, 235 P. 270; Nichols v. State, 10 Okla. Cr. 247, 135 P. 1071."

If the trial court could not instruct the jury as to the guilt of the accused in the foregoing case, it certainly follows that he could not take the case from the jury in the instant case, find the defendant guilty and proceed to pronounce judgment and sentence. If the court's conduct in the Roberts case was an erroneous comment on the evidence, and it is error to direct a verdict of guilty, it follows then that nothing can be said in defense of the trial court's action in the case at bar in taking the case from the jury and finding the defendant guilty. If the trial courts can do this in one instance, why not in every case? The constitutional and statutory inhibition is the answer to the interrogatory. Under the law of Oklahoma the trial court can do neither. While this court is unequivocally committed to the principle that criminal laws are enacted for the protection of society and the suppression of crime, and it is with this in view that we construe the constitutional and statutory provisions, we are first bound in our interpretations to be ever cognizant of the constitutional and statutory rights of the people. Preservation of constitutional and statutory rights for the benefit of all the people some times, even in the face of obvious guilt of an individual defendant, rise above the necessities of an isolated conviction. Merely to sustain the conviction for one accused of crime, courts cannot afford to ignore constitutional and statutory rights and thereby contrive a snare which may subject others accused of crime, the innocent as well as guilty, to the arbitrary will, whim and caprice of the judge, who may not be as respectful of the constitutional and statutory rights of others as he should be. Such rights are sacred and should not be overthrown, even in cases of obvious guilt, since they are rights that inure to the innocent more than to the guilty. With this consciousness we must conclude the defendant herein was denied his constitutional right to a jury and the statutory rights which he indicated he would invoke to fix his punishment and which he was denied by the hasty invasion of his rights by the trial court; and by the trial court's invasion of the province of the jury. In spite of the defendant's admitted guilt, we have no alternative but are compelled under the foregoing principles to reverse the action of the trial court in the case at bar.

It is necessary however that we dispose of the defendant's second proposition. He contends that he has been placed in jeopardy and in view of the holding on the first proposition, under his constitutional rights he is entitled to a dismissal of the within charge. The record herein conclusively shows that the defendant objected to the discharge of the jury after the defendant had testified in his own behalf, and the trial court announced he was going to discharge the jury.

Under the provisions of Article 2, § 21, Bill of Rights of the Oklahoma Constitution no person shall twice be placed in jeopardy of life and liberty for the same offense. State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091, wherein it was held:

"All authorities agree that when a jury is sworn jeopardy attaches. Under the latter clause of our Constitution, if jeopardy has once attached, a defendant

cannot be placed again in jeopardy for the same offense, unless the jury were necessarily discharged, or unless the defendant agreed to their discharge, or unless a new trial is granted him upon his request."

That jeopardy means where a person has been put in danger of conviction. Daniels v. State, 55 Okla. Cr. 298, 29 P. 2d 997; Loyd v. State, 6 Okla. Cr. 76, 116 P. 959, in addition to holding that jeopardy means where a person has been put in danger of conviction, further holds where a jury is unnecessarily discharged, such discharge operates as an acquittal of the defendant. Therein the elements of jeopardy are defined as follows:

"* * * First, the defendant must be put upon trial before a court of competent jurisdiction; second, the indictment or information against the defendant must be sufficient to sustain a conviction; third, the jury must have been impaneled and sworn to try the case; fourth, after having been impaneled and sworn the jury must have been unnecessarily discharged by the court; fifth, such discharge of the jury must have been without the consent of the defendant. When those things occur, then the discharge of the jury constitutes jeopardy and operates as an acquittal of the defendant, and he cannot again be placed upon trial for the same offense."

State v. Brooks, 38 Okla. Cr. 302, 260 P. 785; Love v. State, 41 Okla. Cr. 291, 272 P. 1035; Goodman v. State, 41 Okla. Cr. 405, 273 P. 900; Coppage v. State, 62 Okla. Cr. 325, 71 P. 2d 509; Stough v. State, 75 Okla. Cr. 62, 128 P. 1028; Yoder v. State, 66 Okla. Cr. 178, 90 P. 2d 669; Yarbrough v. State, 90 Okla. Cr. 74, 210 P. 2d 375, therein is cited the general rule as laid down in 38 A.L.R. 706, in harmony with the rule in the last-cited cases on this point, said cases being in harmony with the rule announced in 15 Am. Jur. § 407, page 77, Note 10. It clearly appears herein that the discharge of the jury in the case at bar was made without the consent of the defendant, either actually or implied. To the same effect is 22 C.J.S. Criminal Law, § 255, p. 392, Notes 75, 80:

"As a general rule, where a jury have been impaneled and sworn, the prisoner's jeopardy has begun, and the entry of a nolle prosequi or a discontinuance thereafter during the trial, over the objection of accused, unless on account of the insufficiency of the indictment, or because the trial court had no jurisdiction, or because of a material variance, or because issue was not joined, will operate and may be pleaded subsequently as an acquittal, * * *."

So, also, at page 394, § 258, Note 2, where the rule is stated:

"However, if the jury are discharged without accused's consent for a reason legally insufficient and without an absolute necessity for it, the discharge is equivalent to an acquittal, and may be pleaded as a bar to a subsequent indictment."

But the right to claim immunity from a second jeopardy for the same offense is personal to the accused, Ex parte Zeligson, 47 Okla. Cr. 45, 287 P. 731, which he may waive by failure to assert in seasonable time. See, also, Coppage v. State, supra; Daniels v. State, supra. In Ex parte Zeligson, supra, in the body of the opinion in 47 Okla. Cr. at page 47, 287 P. at page 732, this court said:

"This court is committed to the doctrine that former jeopardy and former conviction, to be made available as a plea to bar a further prosecution, must be presented in the trial court, the overruling of such plea being error reviewable by direct attack by an appeal and that the judgment of conviction after jeopardy is a voidable judgment as distinguished from a void judgment; that former jeopardy may be waived by a defendant, and is waived, when not interposed in the trial court or raised in the course of the trial."

Hence, under the foregoing authorities, taking the case away from the jury under the conditions herewith presented was equivalent to an acquittal of this

defendant. Nevertheless, the defendant might elect to waive his right to immunity from a second prosecution. We cannot presume what he might choose to do on being confronted with the charge herein a second time. If he waived the right to immunity from a second prosecution, the action of the trial court in the case at bar would be no obstacle thereto. If he elects to assert his right to immunity the plea of second jeopardy would constitute a bar. But such is an affirmative plea to be entered by the defendant which we cannot assert for him. It is apparent that the trial court committed reversible error in rendering the judgment herein involved, not void but voidable at the election of the defendant. For the above and foregoing reasons the judgment and sentence of the district court of Tulsa county is reversed.

POWELL, P. J., and JONES, J., concur.